THE PEOPLE ex rel. THE PACIFIC MAIL STEAMSHIP COM-
PANY, Appellants, *v.* THE COMMISSIONERS OF TAXES AND
ASSESSMENTS FOR THE CITY AND COUNTY OF NEW YORK,
Respondents.

The *situs* of sea-going vessels for the purposes of taxation is the port where they are registered under the laws of the United States as their home port. This is not lost by mere absence and employment elsewhere, but continues until a new *situs* is acquired.

Accordingly *held*, where relator registered certain steamships at the port of New York and then sent them to the Pacific ocean where they have since remained employed in the trade of relator but have not been registered anew, that they were properly taxable in New York.

Certain steamers were being built in Delaware for relator (a corporation organized under the laws of this State and having its principal office in New York city) under contracts which provided that it should have a

1874.] People ex rel. Pac. M. S. Co. v. Com. of Taxes. 243

Statement of case.

lien on and ownership in the vessels as the building progressed up to the amount paid upon the contract, the same to attach simultaneously with the payments; also that the builder should keep the vessel insured, the policies to be for account of and made payable to relator. The latter had made payments under the contract, but none of the steamers had been delivered to it. *Held,* that the interest of the relator in such vessels was not an absolute ownership but was in the nature of a lien, and that until it ripened into a title, the moneys paid upon the contract were taxable in New York.

(Argued June 3, 1874; decided September 22, 1874.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming the proceedings of defendants in assessing the capital stock of relator which were brought up for review by writ of *certiorari.* (Reported below, 1 N. Y. S. C. R. [T. & C.], 611; 1 Hun, 143; 46 How., 315.)

The relator is a corporation organized under the laws of this State and having its principal place of business in New York; its capital stock was $20,000,000. Defendants, in the year 1873, assessed it $6,808,927; this was after hearing relator and receiving evidence, among other things, showing that the company owned a number of steamships, mostly built in the city of New York and which were registered at the port of New York as the home port, in compliance with the United States statutes, and had not been registered elsewhere. Said steamships were permanently employed upon the waters of the Pacific ocean and had not returned to the port of New York since they were first sent out.

It further appeared that eight propellers were being built for defendant in the State of Delaware, under contracts, each of which contained this clause: "It is also hereby agreed and understood that the party of the second part shall have a lien on and ownership in said vessel, as its building progresses, up to the amount or amounts paid on account of this contract, such lien and ownership to attach simultaneously with such payments; and, further, that the said party of the first part shall keep such vessels and materials fully protected by insurance against fire, the poli-

cies of insurance for the same to be for account of and made payable to the said party of the second part."

The company had paid upon these contracts the sum of $1,972,260.76. None of the propellers had been delivered at the time of the assessment. It was claimed, on behalf of relator, that the value of the steamers upon the Pacific and the amount of the payments upon the contract should be deducted, which the commissioners refused to do.

*Coles Morris* and *Michael H. Cardozo* for the appellants. It was error for the court below to hold that the vessels were to be deemed property of the relator within this State for the purposes of taxation and assessment. (*People ex rel. Hoyt* v. *Comrs. of Taxes, etc.*, 23 N. Y., 224 ; *People ex rel. Jefferson* v. *Gardiner*, 51 Barb., 352 ; *Kelly* v. *Crapo*, 45 N. Y., 86 ; *Hayes* v. *Pac. M. S. S. Co.*, 17 How. [U. S.], 596 ; *Morgan* v. *Parham*, 16 Wall., 471 ; *City of New Albany* v. *Meekin*, 3 Ind., 481 ; *Wilkey* v. *City of Pekin*, 19 Ill., 160 ; *Johnson* v. *City of Lexington*, 14 B. Mon., 648 ; *St. Louis* v. *Wiggins F. Co.*, 40 Mo., 580 ; *People ex rel. U. S. and B. S. S. Co.* v. *Comrs. of Taxes, etc.*, 48 Barb., 157.) It was error to hold that the relators did not own the steamers which were in process of construction out of the State. (*Andrews* v. *Durant*, 3 Kern., 42.) With regard to exemption from taxation of personal property out of the State there is no difference between individuals and corporations. (*People ex rel. Bk. of Com.* v. *Comrs., etc.*, 23 N. Y., 193, 209, 212–224 ; *Bk. of Com.* v. *City of N. Y.*, 2 Black, 629 ; *Hoyt* v. *Comrs. of Taxes*, 23 N. Y., 224 ; 1 R. S. [5th ed.], 594, § 2, 905 ; 2 Laws 1857, 1.)

*James C. Carter* for the respondents. The *situs* of ships on the high seas for the purposes of assessment and taxation is either in the State where the owner resides or that in which the port of registry is situated. (*People ex rel. Hoyt* v. *Comrs., etc.*, 23 N. Y., 224 ; *People ex rel. U. S. and B. S. S. Co.* v. *Comrs., etc.*, 48 Barb., 157 ; *Hayes* v. *Pac. M. S.*

*S. Co.*, 17 How. [U. S.], 596 ; *Morgan* v. *Parham*, 16 Wall., 471.) The title to a vessel one is building for another remains in the builder until delivery, unless an agreement to the contrary is shown. (1 Pars. on Mar. L., 74 *et seq.*, and notes ; *Merritt* v. *Johnson*, 7 J. R., 473 ; *Andrews* v. *Durant*, 1 Kern., 35.) The commissioners had no power to reopen their decision and grant a rehearing. (Laws 1859, chap. 302, §§ 8, 10, p. 678.)

. Johnson, J. As this case is presented to us by the arguments and concessions of the counsel, we are not called upon to consider the general question of the mode of taxation applicable to corporations, within this State, under our statutes governing that subject. The points upon which our judgment is sought are two, which we will consider in their order. The first is, whether an error of law has been committed in subjecting to taxation certain steamships which, though owned by the relator and registered by it at the port of New York as their home port, in accordance with the laws of the United States, were subsequently, and before the period for which the taxes in question were imposed, sent to the Pacific ocean and there employed in the trade of the relator. None of them have been since registered anew, nor have any of them returned to the port of New York since they were sent to the Pacific. Upon these facts, it is insisted on the part of the relator that it is not taxable in respect to them or their value. This freedom from New York taxation is claimed upon the general ground that they are not personal property within the State, and are therefore not taxable here. Nothing is claimed on the particular ground of corporate taxation, but the case is rested upon the principles and rules of law applicable to property of this sort, so situated as this is, owned by a taxable individual, natural or artificial, resident in this State.

In the cases of *Hays* v. *The Pacific Mail Co.* (17 How., 596) and *Morgan* v. *Parham* (16 Wallace, 471) the Supreme Court of the United States held with respect to vessels

employed away from their home ports, that the States in which they came or remained in the course of their employment, had no authority to impose taxes; that this jurisdiction belonged to the States where their home ports were situated; that their legal *situs* for purposes of taxation was in their home ports, and that this was not lost by mere absence and employment elsewhere. The *situs* dependent on registration continues until a new *situs* is acquired; the law in this respect assimilating itself to the law as to domicile, which remains until a new domicile is acquired. In the case of *The People ex rel. Hoyt* v. *The Commissioners of Taxes* (23 N. Y., 224) while it was decided that personal property of a resident of this State, actually situated in another State and taxed there, was not taxable here as part of the resident citizen's personal property, it was conceded that the rules announced only applied to property which was capable of having an actual *situs*, and which had one in fact. That debts and choses in action, in general, follow the domicile of the owner, and that ships at sea, if registered at a port within the State, have no *situs* elsewhere, and are to be assessed in the State. It is true, ships at sea, are mentioned, but the being at sea is, obviously, not the essence of the matter; it is the having a *situs* where registered, and not elsewhere, that is the controlling consideration. Otherwise, their *situs* becomes wholly uncertain, for they are either at sea, or in port preparatory to going to sea, and to enable them to be at sea. Being in port is only a necessary incident in their proper employment. They are not built to be in port, but upon the sea. To determine their *situs*, for purposes of taxation, by their longer or shorter stay in a particular port, or by their more or less frequent resort to it, would introduce perpetual uncertainty; it would, practically, subject them to taxation in every port, or exempt them in all. We are of opinion that the rule adopted in the cases in the United States courts and followed in the judgment appealed from, is the better rule, and is in accordance with the statutes regulating taxation in this State.

The second question, stating it most favorably to the

appellant, depends upon the effect of the clause of the contract under which certain vessels were building in Delaware. The relator insists that, as payments were made, it became the owner to that extent of those vessels, and was therefore not taxable in respect to the amounts thus expended. In this construction we cannot concur with the appellant. The general rule of law upon the subject is that the title remains in the builder until delivery, unless an agreement to the contrary appears. (*Merritt* v. *Johnson,* 7 J. R., 473; *Andrews* v. *Durant,* 1 Kern., 35.)

The contract provides that the relator shall have a lien on, and ownership in the vessel, as its building progresses, up to the amount or amounts paid on account of its contract; such lien and ownership to attach simultaneously with such payments; and further, that the builder should keep such vessel and materials fully protected, by insurance, against fire; the policies of insurance for the same to be for account of, and made payable to, the relator. This, taken in connection with the statement of the relator that the steamers were being built under contract and that none of them had been delivered to the company, and that the payments made to the contractors had been made on account of their contracts, characterizes the interest of the relator as being not an absolute ownership, but only an interest in the nature of a lien for its money advanced, which might or might not ripen into a title to the vessels in construction. Only in the case of absolute ownership would there be such a conversion of taxable money into steamships having a *situs* in Delaware as to make them not taxable in New York.

We are of opinion that no error has been committed to the prejudice of the appellant, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.