Statement of Facts.

[No. 4875.]

THE BANK OF MENDOCINO v. S. J. CHALFANT.

51 369
113 402
51 369
128 593

Taxation.—Solvent debts, promissory notes and mortgages are not liable to taxation.

Recovery of Tax paid under Protest.—If the items of a person's property are assessed and valued separately, and some of the items are not liable to taxation, and the tax collector can separate the legal from the illegal portion of the tax, he should receive the legal portion of the tax if tendered to him; and if he refuses to do so, and the whole tax is paid under protest, the person taxed can recover from the collector that portion which is illegal.

Appeal from the District Court, Seventh Judicial District, County of Mendocino.

The complaint alleged that the defendant was sheriff and *ex officio* tax collector of the county of Mendocino; that between the 1st day of April and the 1st day of July, 1872, the assessor of Mendocino County assessed the property of the county, and set down and assessed and entered on his assessment-roll, "the property of the plaintiff, as follows:

Real estate, valued at.............................$   100 00
Improvements thereon.........  ..................    409 00
Money on hand.... ...........................  .... 7,878 00
Solvent debts, promissory notes and mortgages.... 29,388 00

Making in the aggregate the sum of..........$37,766 00"

That the State tax levied thereon was 50 cents on the $100, and the county tax was $1$\frac{12}{100}$ on the $100, and the school tax was 17 cents on the $100, and the total tax was $676.01; that defendant demanded the entire tax, and the plaintiff tendered him the tax on the real estate and improvements, which he refused to receive, and that he levied on and threatened to sell the plaintiff's property; and that thereupon the plaintiff paid the whole tax under protest, together with five per cent. thereon, and $1 printer's fees. Judgment was asked for the tax paid on the solvent debts, promissory notes and mortgages, and the five per cent. thereon, amounting to $553. The defendant demurred to the complaint because it did not state facts sufficient to constitute a cause of action.

Vol. LI.—24

The court sustained the demurrer, and the plaintiff appealed.

*R. McGarvey*, for the Appellant.

*T. L. Carothers*, for the Respondent.

By the Court, NILES, J.:

No points have been filed by the respondent, and we are not informed upon what ground he relies to sustain the ruling of the court upon his demurrer. The complaint contains an extract from the assessment-roll of the county, from which it appears that there was listed to the plaintiff, among other items, "solvent debts, promissory notes and mortgages." This item was stated separately from the other and undisputed items of the assessment, and its valuation was separately given. It is now beyond question that solvent debts, notes and mortgages are not the subjects of taxation, and that the assessment was *pro tanto* illegal and void. (*People* v. *Hibernia Savings and Loan Society*, ante, p. 243.)

It is further alleged that the plaintiff tendered to the collector the amount of taxes upon the parcels of property admitted to have been legally listed, and acceptance was refused by him upon the ground that he had no means of separating the illegal from the legal portion of the tax. But evidently, this separation could have been accomplished by a very simple mathematical computation. The complaint states the case of an illegal tax, paid under protest, for the recovery of which the plaintiff undoubtedly had its action.

Judgment reversed and cause remanded, with directions to the court below to overrule the demurrer to the complaint.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.