[S. F. No. 214.  Department Two.—July 22, 1896.]

JOHN W. MACKAY ET AL., EXECUTOR, ETC., AP-
PELLANT, v. CITY AND COUNTY OF SAN FRAN-
CISCO, RESPONDENT.

TAXATION—RAILROAD BONDS—MORTGAGE OF PROPERTY OUT OF STATE.—
Railroad bonds which are held in this state by the owner have their
*situs* here and are taxable in this state, notwithstanding they are se-
cured by mortgage of railroad property situated out of the state.

ID.—SITUS OF CREDITS—DOMICILE OF CREDITOR.—Credits have their *situs*
at the domicile of the creditor, and are taxable at the place of his dom-
icile, nor is the debt for purposes of taxation affected by the fact that it
is secured by mortgage of property situated in another state.

ID.—CONSTITUTIONAL LAW—EXEMPTION FROM TAXATION.—Where the con-
stitution requires the taxation of bonds, it is not in the power of the
legislature to exempt them.

ID.—ILLEGAL PART OF TAX—PENALTY FOR DELINQUENCY—RAISE OF AS-
SESSMENT BY STATE BOARD—RECOVERY BACK OF PAYMENT.—Where the
legal part of a tax cannot be separated from the illegal part, both the
illegal tax and the whole of the penalty paid for delinquency may be
recovered if paid under protest, but when the illegal part of the tax
consists of an illegal raise by the state board of taxes upon bonds above
their face value, there is no difficulty in ascertaining and tendering the
amount legally assessed thereupon, and in such case there can be no re-
covery of penalty except upon the illegal part of the tax, where there
was no tender of the legal part of the tax prior to delinquency.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. WILLIAM R. DAIN-
GERFIELD, Judge.

The facts are stated in the opinion.

*William F. Herrin, Byron Waters, Eugene R. Garber,*
and *Isaac Frohman,* for Appellants.

These bonds are not taxable, because they are not
tangible property, and do not inhere in tangible prop-
erty situated in this state, and it is incompetent for the
constitution or statute of the state to make that property
—and therefore taxable—which is not property in fact.
(Pol. Code, tit. IX, Revenue; *People* v. *Hibernia Bank,*
51 Cal. 244; 21 Am. Rep. 740.)  The law of California,
contained in the constitution as well as in the code, re-
lating to the taxation of such credits as those taxed in

this case, is void, because in contravention of the four-teenth amendment of the federal constitution, which guarantees to all persons the equal protection of the laws. *(Central Pac. R. R. Co.* v. *State Board etc.,* 60 Cal. 35; U. S. Const., amendment XIV; *People* v. *Weaver,* 100 U. S. 539; *Board of Supervisors* v. *Stanley,* 105 U. S. 305; *Hills* v. *Albany etc. Bank,* 105 U. S. 319; *Evansville Bank* v. *Button,* 105 U. S. 322.)    The legislature of Cal-ifornia, at its latest session, assumed to correct this evil by declaring that railroad bonds are not property for purposes of taxation.    (Stats. 1895, p. 306; Pol. Code, sec. 3617, as amended in 1895.)

*H. T. Creswell, City and County Attorney,* and *Rhodes Borden, First Assistant,* for Respondent.

These bonds, though issued by an Arizona corpora-tion, and secured by a trust deed or mortgage upon real property situated within the territory of Arizona, are taxable by the state of California, and are not tax-able by any other state.    (Const., art. XIII, sec. 1; Pol. Code, secs. 3607, 3617; Burroughs on Taxation, 59; *Ala-bama Ins. Co.* v. *Lott,* 3 Cent. L. J. 643; 1 Desty on Taxation, last ed.; 79; *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *Seward* v. *Rising Sun,* 79 Ind. 351; *Bridgeport* v. *Bishop,* 33 Conn. 187; *Johnson* v. *Oregon City,* 3 Or. 13; *Worthington* v. *Sebastian,* 25 Ohio St. 1; *People* v. *East-man,* 25 Cal. 603; *People* v. *Niles,* 35 Cal. 286; *People* v. *Park,* 23 Cal. 139; *People* v. *Whartenby,* 38 Cal. 466; *San Francisco* v. *Fry,* 63 Cal. 470; *San Francisco* v. *Lux,* 64 Cal. 481; *Goldgart* v. *People,* 106 Ill. 25.)    The state of California has the power to declare by her constitution and tax laws that credits and bonds are property, and shall be taxed to their owners; and such declaration is not obnoxious to the United States constitution. (Const., art. XIII, sec. 1, Desty's note, tit. " Power of Taxation," and cases cited; *Bell's Gap R. R. Co.* v. *Penn-sylvania,* 134 U. S. 232; *Pacific Exp. Co.* v. *Seibert,* 142 U. S. 339; *Home Ins. Co.* v. *New York,* 134 U. S. 594; *Kentucky etc. Tax Cases,* 115 U. S. 321; *Loan Assn.* v. *To-*

*peka,* 20 Wall. 655; *Railway Co.* v. *Peniston,* 18 Wall. 5; *M' Culloch* v. *Maryland,* 4 Wheat. 316; *Lane Co.* v. *Oregon,* 7 Wall. 77; *Nathan* v. *Louisiana,* 8 How. 73; *Dobbins* v. *Commissioners of Erie County,* 16 Pet. 435; *State Railroad Tax Cases,* 92 U. S. 575; *Columbus etc. Ry. Co.* v. *Wright,* 151 U. S. 470; *People* v. *Cent. Pac. R. R. Co.,* 105 Cal. 576.) The legislature of the state of California has not the power to exempt any property whatever from taxation, unless such exemption is provided for by the constitution. (1 Desty on Taxation, 124; *People* v. *McCreery,* 34 Cal. 432; *People* v. *Gerke,* 35 Cal. 677; *People* v. *Black Diamond etc. Co.,* 37 Cal. 54; *People* v. *Eddy,* 43 Cal. 331; *People* v. *Latham,* 52 Cal. 598; *San Francisco* v. *Flood,* 64 Cal. 507; *Cottle* v. *Spitzer,* 65 Cal. 456; 52 Am. Rep. 305.) Where a tax is partly legal and partly illegal, if the two are capable of distinguishment or separation, by a mathematical calculation or otherwise, the illegal part only can be recovered of the state or city receiving the tax. (Cooley on Taxation, 571; 2 Desty on Taxation, 786, 787; *De Fremery* v. *Austin,* 53 Cal. 380; *Bank of Mendocino* v. *Chalfant,* 51 Cal. 369; *Patten* v. *Green,* 13 Cal. 325; *Meek* v. *McClure,* 49 Cal. 623; *Reeve* v. *Kennedy,* 43 Cal. 643; *Treadwell* v. *Patterson,* 51 Cal. 637; *California* v. *Pacific R. R. Co.,* 127 U. S. 29; *Santa Clara County* v. *Southern Pac. R. R. Co.,* 118 U. S. 394–416.)

HAYNES, C.—This action is prosecuted by appellants as the executors of the last will and testament of Theresa Fair, deceased, to recover from the city and county of San Francisco the sum of $31,687.90, the amount of state and city and county taxes for the fiscal year beginning July 1, 1892, levied and assessed upon certain railroad mortgage bonds and other personal property belonging to said estate, which said sum was paid by appellants to the tax-collector of said city and county, under protest, on June 13, 1893. The action is prosecuted under the provisions of section 3819 of the Political Code, a new section approved February 27, 1893.

(Stats. 1893, p. 32.)   The action was tried by the court upon an agreed statement of facts, which was adopted by the court as its finding of fact, pursuant to stipulation of counsel, from which the court found, as a conclusion of law, that plaintiffs were entitled to recover from the defendant the sum of $1,911.55, with interest from June 13, 1893, and costs, and judgment was entered accordingly.   James N. Block, as tax-collector, was made a party defendant, but the action as to him was dismissed. This appeal is by the plaintiffs from the judgment upon the judgment-roll.

The city assessor assessed the personal property of said estate as of the first Monday in March, 1892, as follows: 1,915 six per cent bonds of the Southern Pacific Railroad Company of Arizona, of the denomination of $1,000 each, assessed or valued by said assessor at $1,915,000; $3,593 in money; furniture, $3,000; one vehicle, $300; making a total of $1,921,893.

The rate of taxation for city and county purposes was duly fixed by the board of supervisors at one dollar on each $100 of the valuation of the taxable property of said city and county.

The state board of equalization, for the purposes of state taxation, raised the entire assessment of said city and county, except as to money, twenty per cent, and fixed the rate of the state tax to be levied for that fiscal year at forty-three and four-tenths cents on each $100. By the local assessment said bonds were assessed at their face value, and by the raise made by the state board of equalization they were assessed for purposes of state taxation at $2,298,000, or $383,000 above their face value.

No part of the taxes, either state or local, were paid until after they became delinquent, when the whole of the taxes, both state and local, were paid with the penalty of five per cent on the local tax, and fifteen per cent on the state tax, and one dollar in addition to cover the cost of advertising.

Upon said railroad bonds the city and county tax

levied upon their face value amounted to $19,150, and upon the valuation as increased by the state board of equalization the state tax amounted to $9,973. As a consequence of the delinquency five per cent was added to the city and county tax, amounting to $957.50, and fifteen per cent was added to the state tax, making an addition thereto of $1,495.99. If the state tax had been levied upon said bonds at their face value, the amount thereof would have been $8,311.10, instead of $9,973.32, a difference of $1,662.22. The penalty for delinquency upon said difference, fifteen per cent, is $249.33, and this, added to said difference, makes $1,911.55, for which, with interest from the date of payment, and for costs, the court gave judgment in favor of the plaintiffs, the court holding that the increased valuation by the state board was unauthorized, but that the tax and penalty thereon, being capable of separation, and the bonds being taxable, the plaintiffs should have paid the remainder of the taxes, both state and local, and gave judgment only for the amount so found to be illegally assessed, with the penalty thereon, adding thereto interest and costs.

The bonds in question were made by the Southern Pacific Railroad Company of Arizona, a corporation organized and existing under the laws of that territory, are payable in the city of New York, and are secured by a mortgage executed by said corporation to Henry M. Newhall and Charles Mayne, residents of San Francisco, upon the railroad and telegraph lines, rolling stock, stations, fixtures, and appurtenances of said corporation situated in the territory of Arizona.

Appellants make the following points, upon which they contend the judgment should be reversed: "1. These bonds are not taxable, because they are not tangible property, and do not inhere in tangible property situated in this state, and it is incompetent for the constitution or statute of the state to make that property— and therefore taxable—which is not property in fact; 2. The law of California, contained in the constitution as well as in the code, relating to the taxation of such

credits as those taxed in this case, is void, because in contravention of the fourteenth amendment of the federal constitution, which guarantees to all persons the equal protection of the laws; 3. The legislature of California, at its last session, assumed to correct this evil by declaring that railroad bonds are not property for the purposes of taxation."

Article XIII, section 1, of the constitution of 1879, is as follows:  "All property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law. The word 'property,' as used in this article and section, is hereby declared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership; provided that growing crops, property used exclusively for public schools, and such as may belong to the United States, this state, or to any county or municipal corporation within this state, shall be exempt from taxation. The legislature may provide, except in the case of credits secured by mortgage or trust deed, for a reduction from credits of debts due to *bona fide* residents of this state."

Section 4 of said article provides that "a mortgage, deed of trust, contract, or other obligation by which a debt is secured, shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby."   Railroads and other *quasi* public corporations are excepted from the above provision.

The constitution not only provides that all "property" shall be taxed, but defines the word "property," and expressly includes *bonds* in that definition, thus placing it beyond the power of the legislature or the courts to say that bonds are not property within the meaning and intent of the constitution.

The bonds in question were held here.   Their *situs* was the city and county of San Francisco.   (*San Francisco* v. *Lux*, 64 Cal. 481.)   They could not be taxed in Arizona, where the property mortgaged to secure them

is situated. (*State Tax on Foreign-held Bonds*, 15 Wall. 300.) In the case last cited it was said: "But debts owing by corporations, like debts owing by individuals, are not property of the debtors in any sense; they are obligations of the debtors, and only possess value in the hands of the creditors. With them they are property, and in their hands they may be taxed. To call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things in debts of corporations belongs to the creditors, to whom they are payable, and follow their domicile, wherever that may be. Their debts have no locality separate from the parties to whom they are due."

In Illinois it is held that their statute requiring credits to be taxed is not obnoxious to any constitutional objection, even if the property for which the credit was given is also taxable. (*Goldgart* v. *People*, 106 Ill. 25.)

The case of *Kirtland* v. *Hotchkiss*, 100 U. S. 491, is in point, and we refer to it somewhat fully, because it also answers appellant's second contention, based upon the fourteenth amendment to the constitution of the United States. In that case Kirtland, a citizen of Connecticut, brought an action to restrain the enforcement of certain tax warrants levied upon his real estate in the town where he resided, which taxes were assessed upon certain bonds executed in Chicago and made payable in that city, and secured by deeds of trust upon real estate there situated. The statute under which the tax was levied declared that personal property in that state or elsewhere should be deemed, for purposes of taxation, to include all moneys, credits, choses in action, bonds, notes, stocks (except United States stocks), chattels or effects, or any interest thereon.

The supreme court of errors of that state held that the assessments were in conformity to the state law, and that the law itself did not infringe any constitutional right of the plaintiff. Kirtland thereupon sued out a writ of error to the supreme court of the United States, and his counsel contended that said tax was not only

repugnant to the sovereignty of the state of Illinois, but violated the constitution of the United States in several specified particulars.

The supreme court of the United States, restricting its remarks to the facts of the case, and quoting from *McCulloch* v. *Maryland*, 4 Wheat. 428, said: "It is obvious that it [the right of taxation] is an incident of sovereignty, and is coextensive with that to which it is an incident. All subjects over which the sovereign power of a state extends are objects of taxation, but those over which it does not extend are, upon the soundest principles, exempt from taxation." And quoting from *State Tax on Foreign-held Bonds, supra*, said: "Unless restrained by provisions of the federal constitution, the power of the state as to the mode, form, and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction." Applying these principles to the special facts before it, the court further said: "The creditor, it is conceded, is a permanent resident within the jurisdiction of the state imposing the tax. The debt is property in his hands, constituting a portion of his wealth, from which he is under the highest obligation, in common with his fellow-citizens of the same state, to contribute for the support of the government whose protection he enjoys. That debt, although a species of intangible property, may, for purposes of taxation, if not for all others, be regarded as situated at the domicile of the creditor. . . . . Nor is the debt, for the purposes of taxation, affected by the fact that it is secured by mortgage upon real estate situated in the state of Illinois."

The only case cited by appellants in support of their first proposition is that of *People* v. *Hibernia Bank,* 51 Cal. 244; 21 Am. Rep. 740.

That case arose under the constitution of 1849, which did not define the word "property" (art. XI. sec. 13), and the court was dealing with a definition given it by the legislature. But the principal distinction is based upon the facts involved in the case. In that case the

bank was assessed upon a large amount of money, all
of which was loaned upon mortgages upon real estate,
and it was conceded that the taxes upon the real estate,
which was the basis of the credit, had been paid. The
theory of the court was, that a credit had no value
apart from property in the hands of the debtor which is
the basis of the credit, and that if such property is
taxed, and the credit which derives its value from such
property is also taxed, it is double taxation.

Here, the debtor is a nonresident, and the property
upon which these bonds are secured is in another juris-
diction, and therefore beyond the taxing power of this
state. In a case arising shortly after the adoption of
the new constitution there was no question made but
that credits were taxable. There the estate of Lux had
on general deposit in several banks in San Francisco a
large sum of money. The controversy was as to where
these credits should be taxed. They were treated, not
as money, but as credits, the court saying: "It is a
settled rule that a general deposit is, in effect, a loan, the
relation of the bank and depositor being that of debtor
and creditor. Where, then, should the credits—the
amounts due from the banks to the estate—have been
assessed?" (*San Francisco* v. *Lux, supra*.) Appellants'
first point cannot be sustained.

2. Appellants' second point involves a federal ques-
tion, our judgment upon which may be reviewed by the
supreme court of the United States. There is nothing
in the case before us to distinguish it from *Kirtland* v.
*Hotchkiss, supra*, where the constitutional question was
expressly decided against the contention of appellants.

3. Appellants' third point is based upon section 3617
of the Political Code, as amended in 1895. (Stats. 1895,
p. 310.) Said amendment consists in the insertion
after the word "bonds," in the first subdivision, the
words, " except of railroad or *quasi* public corporations."
This amendment was not in force at the time this cause
was tried. It is cited by counsel with the remark that
the legislature " assumed to correct this evil by declaring

that railroad bonds are not property for the purposes of taxation."

Touching this statute it need only be said that, if the constitution did not require the taxation of the bonds of railroad and other *quasi* public corporations, the amendment in question was wholly unnecessary; and if the constitution did require such bonds to be taxed, it was not in the power of the legislature to exempt them.

The only other question made by appellants relates to the penalty for delinquency. It is contended that as the act of 1893 (Stats. 1893, p. 32), which constitutes a new section of the Political Code, numbered 3819, was not in force when these taxes became delinquent, that they are entitled to recover the whole of the penalty paid, for the reason, as they claim, that prior to the passage of said act, they could not pay under protest until a sale was threatened; and cite *Williams* v. *Corcoran*, 46 Cal. 556.

If the illegal part of the tax had been incapable of separation from the legal part, this contention should be sustained. The written protest made by appellants to the tax-collector, however, shows the facts upon which such separation could readily have been made. It showed that said bonds were assessed at $1,915,000, that the state board of equalization increased that assessment twenty per cent, or $383,000, and the rate of taxation for state purposes as well as for county purposes being known, there could have been no difficulty in ascertaining the amount legally assessed, and we think it was appellants' duty to have tendered that amount; and under the plain provisions of section 9 of article XIII of the constitution, which provides "that no board of equalization shall raise any mortgage, deed of trust, contract, or other obligation by which a debt is secured, money or solvent credits, above its face value," it would have been the duty of the tax-collector to have received it. If such tender had been made before delinquency, and the tax-collector had refused to receive the amount

so tendered, and the penalty for delinquency had been afterward added and paid under protest for the protection of the property of the estate, the case would have been different. It is true that appellants in their protest claimed that the bonds were not taxable at all; but they also inserted a separate clause alleging the raise made by the state board, the amount of it, and that it was unauthorized under the above-quoted provision of the constitution. In *De Fremery* v. *Austin*, 53 Cal. 380, it was held that if a tax levy contained an illegal item, such item will not invalidate the levy as to other items, if the levy is so made that the illegal items may be separated from the others; and in *Bank of Mendocino* v. *Chalfant*, 51 Cal. 369, it was held that, under like circumstances, the tax-collector should receive the legal portion of the tax if tendered to him; and it has been frequently held that an injunction to restrain the collection of a tax, partly legal and partly not, will not be granted except upon condition that the legal part shall be first paid. (See Cooley on Taxation, 2d ed., 763, and cases there cited.) That appellants erred in their conclusion that bonds were not taxable cannot relieve them.

The judgment appealed from should be affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.