[S. F. No. 3424. Department One.—October 10, 1905.]

## OLIVER J. OLSON, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

SEA-GOING VESSEL—PLACE OF TAXATION—"HOME PORT"—REGISTRA-
TION.—A sea-going vessel engaged in foreign or interstate com-
merce, though constructed in the state of Washington and

temporarily registered there, which has San Francisco as her ''home port,'' as defined in section 4141 of the United States Revised Statutes, by reason of her ownership by several owners, and the usual residence of her managing owner at San Francisco, is deemed to be at her ''home port'' in San Francisco, for the purposes of taxation, regardless of her physical absence therefrom or of the fact that she has never been in the waters of the ''home port,'' nor permanently registered thereat, as provided in that section.

ID.—RESIDENCE OF OWNERS—INTEREST OF MANAGING OWNER.—Where a sea-going vessel has several owners only the usual residence of the managing owner determines the ''home port,'' and the residence of the other owners, and the amount of the interest of the managing owner in the vessel, are immaterial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Devoto & Richardson, for Appellant.

Franklin K. Lane, former City Attorney, Percy V. Long, City Attorney, and W. I. Brobeck, Assistant City Attorney, for Respondent.

ANGELLOTTI, J.—This is an action to recover $264.55, taxes paid under protest, which were levied by defendant upon the lumber schooner Oliver J. Olson for the fiscal year 1901-1902. Defendant had judgment, and plaintiff appeals from an order denying his motion for a new trial.

The contention of plaintiff is that the vessel was not subject to taxation in this state for the fiscal year 1901-1902. The material facts are as follows, viz.: The vessel was constructed in the state of Washington in the year 1900. At twelve o'clock M. of the first Monday of March, 1901, she had never been in the waters of California, but having received temporary registration at Port Townsend, Washington, on December 31, 1900, had thenceforth been engaged in commerce on the high seas between said Port Townsend and Sydney, Australia, and Callao, Peru, and consequently had not received permanent registration at San Francisco. At all times since her launching she was owned by some twenty persons; some residing

in the city and county of San Francisco, California, and some in the state of Washington. At all said times the plaintiff was the managing owner of the vessel, and resided in the city and county of San Francisco, California. The temporary certificate of registration of the vessel described her as ''of San Francisco.'' There is nothing in the record to indicate that the conditions as to the vessel were such as to give her an actual or legal *situs* in the state of Washington, unless that result was effected by her temporary registration at a port within that state, or by the fact that some of her owners, not including the managing owner, resided therein. She was not engaged exclusively within the waters of that state, and was only temporarily therein at certain times, as an incident to her employment as an instrument of commerce on the high seas.

Tangible personal property is ordinarily taxable only in the state wherein it is physically situated. The state wherein such property has its actual *situs* may always tax it (see *Pullman's Car Co.* v. *Pennsylvania,* 141 U. S. 18, 22 [11 Sup. Ct. 876]); and, while it has been held that it is within the power of a state to tax such property owned by its residents outside of the state (see same case, page 31 of 141 U. S. [page 881 of 11 Sup. Ct.]), such power is seldom exercised by a state, as it would lead to double taxation. In the case of such property the actual *situs* is therefore generally the essential factor in determining the question of taxability, and the residence of the owner is immaterial. When, however, we come to sea-going vessels engaged in foreign or interstate commerce, and not employed in such commerce wholly within the waters of any one state, a species of personal property capable of private ownership, and as such taxable, we find that from the nature of the property a different rule has necessarily been adopted. Such a vessel cannot be said to have an actual permanent *situs*. She goes where she may be called in the business in which she is engaged, and is in port in any jurisdiction only as an incident to that business, and therefore cannot properly be held to have an actual *situs* within any particular state. Under our shipping laws, however, every such vessel has what is·called her ''home port,'' the port to which she belongs, and which constitutes her legal abiding-place or residence, regardless of her actual absence therefrom.

It is only in the collection district embracing such port that she may be permanently registered. It is provided in section 4141 of the United States Revised Statutes [U. S. Comp. Stats. 1901, p. 2808] that "every vessel, except as hereinafter provided, shall be registered by the collector of the collection district which includes the port to which such vessel shall belong at the time of her registry; which port shall be deemed to be that at or nearest to which the owner, if there be but one, or, if more than one, the husband or acting and managing owner of such vessel usually resides." The exception referred to in this section relates to the temporary registration of vessels provided for by other sections, granted, when for some reason a vessel cannot, owing to absence therefrom, be registered at her home port, for the purpose of enabling her to clear and engage in commerce until she reaches her home port, when such temporary registration must be surrendered. (Rev. Stats. U. S. secs. 4159, 4160, [U. S. Comp. Stats. 1901, pp. 2823, 2824].) Such registration is purely temporary in character, and necessarily implies that the home port is at a different place from that at which the temporary registration is effected (see *Morgan* v. *Parham,* 16 Wall, 471, 474), and that the vessel is not in any proper sense abiding within the limits of the district wherein such temporary registration is effected.

There can be no question upon the facts hereinbefore stated that the home port of the vessel here involved was at the time of her temporary registration the port of San Francisco, and that there was no change in this respect up to and including the first Monday of March, 1901. It appears to be thoroughly settled that the legal *situs* of such a vessel for the purpose of taxation is in her home port, and that her physical absence therefrom cuts no figure. For such purpose she is deemed to be at such place, and is taxable only within the state in which such place is situated. (See *People* v. *Commissioners,* 58 N. Y. 242; *Morgan* v. *Parham,* 16 Wall, 471; *Hays* v. *Pacific Mail S. S. Co.,* 17 How. 596; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 210, [5 Sup. Ct. 826] ; *Pullman's Car Co.* v. *Pennsylvania,* 141 U. S. 18, [11 Sup. Ct. 876] ; *Johnson* v. *Merchants' Line,* 37 Fla. 499, [19 South. 640,] 37 L. R. A. 518, note.) It is held that such a vessel may, by being indefinitely and exclusively employed within

the waters of another state, acquire an actual *situs* therein which will permit of her taxation there (see *Old Dominion Steamship Co.* v. *Virginia,* 198 U. S. 299, [25 Sup. Ct. 686] ; *National Dredging Co.* v. *State,* 99 Ala. 462, [12 South. 720] ) ; but this conclusion is founded on the proposition that by actual use the vessel has acquired a permanent actual *situs* in another state and is no longer actually engaged in foreign or interstate commerce, except within the limits of such state. (See *Old Dominion Steamship Co.* v. *Virginia,* 198 U. S. 299, [25 Sup. Ct. 686].) No such condition exists here, and it is universally recognized that, in the absence of the acquirement of any permanent actual abiding-place elsewhere, the rule as to *situs* for taxation is as first stated above.

In the application of that rule questions may sometimes arise as to the place within the state including the home port, where the vessel may be taxed, where the owner resides without the limits of the city where the vessel is registered (see *Hooper* v. *Baltimore,* 12 Md. 464) ; but no such question exists here, in view of the residence of the managing owner within such city and county of San Francisco. The decisions enunciating the general rule generally show that the vessel has been, in fact, registered at her home port,—viz., the port at or nearest to which at the time of registration the husband or acting and managing owner usually resides,—and some of the opinions speak of the actual permanent registration at a place as determining the home port. But it is apparent that the vessel may have a home port prior to such registration. This home port, under the terms of the statute, conclusively determines the place of registration, and in many cases, as in the case at bar, the vessel with a home port precisely and definitely located cannot at once be there permanently registered, but must work under a temporary registration. This condition cannot affect the rule requiring taxation to be at the home port, the legal *situs* of the vessel, the only place at which she can properly be said to be permanently located. In *Commonwealth* v. *American Dredging Co.,* 122 Pa. 386, 391, [15 Atl. 443, 449, 9 Am. St. Rep. 116], it was said : ''The rule as to vessels engaged in foreign or interstate commerce is that their *situs,* for the purpose of taxation, is their home port of registry, or the residence of their owner, if unregistered. . . . These vessels, if they may

be so called, were not registered. Hence their *situs* for taxation is the domicile of the owners. This rule must prevail, in the absence of anything to show that they are so permanently located in another state as to be liable to taxation under the laws of that state." This is but another way of stating that the taxation must be in the state of the home port, at which alone the vessel may be registered. It is also clear, under the statute and decisions, that where the vessel has several owners it is only the residence of the managing owner that is material. It is therefore apparent that neither the temporary registration in Washington nor the residence in that state of one or more of the owners, exclusive of the managing owner, can affect the question before us. Under the well-settled law, this vessel had its legal *situs* in the city and county of San Francisco on the first Monday of March, 1901, and for the purpose of taxation was at that time within that city and county. It was "property in the state," within the meaning of those words as used in section 1 of article XIII of the constitution, relating to revenue and taxation, and was by such provision required to be taxed here. As was held in the Pennsylvania case last cited, this must be the rule, in the absence of anything to show such a permanent location elsewhere as to make the vessel liable to taxation there.

Counsel for plaintiff contend that sections 3644 to 3646 of the Political Code specify the only cases in which a vessel other than a ferry-boat may be taxed in this state, and that the facts of this case do not bring the vessel within the provisions of such sections. In view of the section of the constitution requiring all property in the state not specially exempted by constitutional provision to be taxed (art. XIII, sec. 1), the legislature could not, of course, exempt from taxation a vessel having its legal *situs* in this state. (See *Mackay* v. *San Francisco*, 113 Cal. 392, 401, [45 Pac. 696].) We are, however, of the opinion that no attempt to do so is evidenced by the sections relied on. Section 3607 of the Political Code contains the same requirement as to the taxation of all property in the state as does the constitution. Sections 3644 and 3646 are manifestly nothing more than regulations fixing the particular place within the state, where certain vessels taxable in the state must be assessed and the taxes paid. Section 3646 is in no way applicable here, and

the utmost effect that could reasonably be given to section 3644 in favor of plaintiff would be to hold that it forbids the assessment of any unregistered vessel in any other county or city and county of the state than that in which it is required to be permanently registered. It certainly cannot be construed as exempting altogether from taxation a vessel which has not been registered, or as making the temporary registration elsewhere a bar to taxation here. By section 3645 it was attempted simply to provide for the taxation in this state of vessels permanently registered, licensed, or enrolled outside of the state, where such vessels ply in whole or in part in the waters of this state, and the owners reside in this state. That section is not relied on by defendant in this case, and under the facts of the case is in no way applicable. The case of *San Francisco* v. *Talbot,* 63 Cal. 486, is not in point. The vessel there involved was permanently registered in Washington Territory, where the managing owner resided, did not ply in whole or in part in the waters of this state, and was only transiently herein, where some of the owners other than the managing owner resided. Obviously, under the views herein expressed, this vessel was not taxable here, and nothing is said in the opinion in that case at all in conflict with what has here been said.

The finding that plaintiff was the managing owner, and that he resided in the city and county of San Francisco, which is not attacked, renders immaterial the finding complained of as to the residence of the other owners. The amount of interest of the managing owner was also an immaterial factor. The finding that the city and county of San Francisco was the home port of the vessel was not as claimed outside of the issues.

The order denying the motion for a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.