[S. F. No. 498. Department One.—May 13, 1896.]

ANDREW J. CLUNIE, PETITIONER, v. JOHN D. SIEBE, AS ASSESSOR, RESPONDENT.

TAXATION—ASSESSMENT—UNDERVALUATION OF STREET RAILWAY—MIS-REPRESENTATION—MANDAMUS—CONSTRUCTION OF CODE.—*Mandamus* will not lie to compel the assessor to assess street railway property in excess of its value under sections 3648 and 3649 of the Political Code, upon the ground that it was greatly undervalued for the previous fiscal year, by reason of misrepresentation of its officers as to its value; nor do either of those sections apply to such a case.

ID.—LISTING PROPERTY—ASSESSOR TO MAKE VALUATION—EQUALIZATION—MISREPRESENTATION AS TO VALUE.—The taxpayer is required to furnish the assessor a complete list of his property, but he is not required to affix any valuation to any part of his property, but it is the duty of the assessor to fix the valuation, and any error in undervaluation is to be corrected only by the board of equalization; and any misrepresentation by the owner as to the value of his property is immaterial if there is no misrepresentation as to the property itself.

ID.—EXECUTIVE FUNCTION—POWER OF JUDICIARY.—The assessment of property for the purpose of taxation is a function of the executive department of government; and the judiciary has no power or jurisdiction to inquire as to the actual value of property for the purpose of taxation, in order to determine whether there had been a misrepresentation of its value.

APPLICATION in the Supreme Court for writ of mandate to the assessor of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Andrew J. Clunie*, Petitioner *in pro per.*

*Naphtaly, Freidenrich & Ackerman*, for Respondent.

*Foshay Walker*, for Market Street Railway Company.

Section 3648 of the Political Code can have no application unless "misrepresented" applies; but it is evident that that section relates wholly to action of assessor in year when property is misrepresented; as the time is now passed, it cannot be invoked now. The word "misrepresented," in that section, cannot refer to a misrepresentation of the holder of property as to its value, because

the law does not require or contemplate any representation or statement from the owner to the assessor as to the value of the property. (Pol. Code, sec. 3629.) Section 3649 of the Political Code is confined to cases where property has escaped assessment. These do not mean undervaluation. (*San Luis Obispo* v. *Pettit*, 87 Cal. 499; *Allwood* v. *Cowen*, 111 Ill. 481; *Johnson* v. *Malloy*, 74 Cal. 430.) There is an adequate remedy for any undervaluation of the assessor, or failure to assess, through application to the board of equalization, and this is a bar to *mandamus* proceedings, since *mandamus* only lies when there is no other adequate remedy. (Pol. Code, secs. 3673, 3681; *People* v. *Olds*, 3 Cal. 167; 58 Am. Dec. 398; *Early* v. *Mannix*, 15 Cal. 149; *People* v. *Moore*, 29 Cal. 428; *Francisco* v. *Manhattan Ins. Co.*, 36 Cal. 283; *People* v. *Bartlett*, 40 Cal. 143; *Fulton* v. *Hanna*, 40 Cal. 278; *Kimball* v. *Union Water Co.*, 44 Cal. 174–76; 13 Am. Rep. 157; *Clark* v. *Minnis*, 50 Cal. 509; *People* v. *McLane*, 62 Cal. 616; *Draper* v. *Noteware*, 7 Cal. 276.) *Mandamus* will not lie to review a valuation for assessment. (*McGee* v. *State*, 32 Neb. 149; *Meyer* v. *County of Dubuque*, 43 Iowa, 592; *Gibbs* v. *County Commrs.*, 19 Pick. 298, 299; *People* v. *Gilon*, 9 N. Y. Supp. 563.)

Harrison, J.—Application for a writ of *mandamus*.

The petitioner seeks by this proceeding to compel the respondent, who is the assessor of the city and county of San Francisco, to assess the property of the Market Street Railway Company as required by sections 3648 and 3649 of the Political Code, upon the ground that said property escaped assessment and taxation for the fiscal year commencing July 1, 1895, by reason of misrepresentations of the officers of said corporation as to the value of said property. It is alleged in the petition that the said corporation, on the first Monday of March, 1895, was, and thence hitherto has been, the owner of certain real and personal property situated in the city and county of San Francisco, subject to taxation, and

that said property has been during all of said time of the actual cash value of $17,500,000, and would have been taken in payment of a just debt due from said corporation for that sum of money; that between the first Mondays of March and July of the year 1895 said corporation, through its officers and agents, willfully and falsely represented to the respondent, while he was endeavoring to ascertain the full cash value of said property, in order that he might assess the same for the purposes of taxation for said fiscal year, that the full cash value of said property did not exceed the sum of $3,883,866; that, in fact, said officers and agents of said corporation then knew that the said property was of the value of $17,500,000, and that said representations were made with the design and for the purpose of evading taxation upon said property for the fiscal year commencing July 1, 1895; that the respondent, as such assessor, assessed the property for that fiscal year at the sum of $3,883,866; that, in fixing the amount of said assessment, he relied upon the statements made to him by the officers and agents of said corporation, and that by reason of their misrepresentations he was induced to assess the property at that valuation, instead of its actual value, and that thereby said corporation escaped taxation for that fiscal year upon the sum of $13,616,134, the difference between the full value of said property and the amount for which it was assessed; that the respondent is now engaged in assessing property in said city and county of San Francisco for the fiscal year commencing July 1, 1896, and has been notified by the petitioner that said corporation escaped taxation as aforesaid for the preceding fiscal year, and has been demanded to assess the same as provided by sections 3648 and 3649 of the Political Code, and that, unless directed by the mandate of this court, he will not comply with this demand.

These sections of the Political Code are as follows:

"SEC. 3648.    Any property willfully concealed, removed, transferred, or misrepresented by the owner or

agent thereof to evade taxation, upon discovery, must be assessed at not exceeding ten times its value, and the assessment so made must not be reduced by the board of supervisors."

"Sec. 3649. Any property discovered by the assessor to have escaped assessment for the last preceding year, if such property is in the ownership or under the control of the same person who owned or controlled it for such preceding year, may be assessed at double its value."

We are of the opinion that the facts presented by the petitioner herein do not authorize the application of either of these sections. It is not alleged that any "property" of the Market Street Railway Company "escaped assessment" for the fiscal year ending July 1, 1895, or that any of its property was concealed, removed, or transferred by it to evade taxation for that year, or that there has been any "discovery" of any property that was not assessed for that fiscal year. On the contrary, it is alleged that the property of said corporation was assessed by the respondent for that fiscal year, and, in the absence of any qualifying clause, this must be held to include all of its property. The further allegation, that the amount at which it was assessed was caused by the willful misrepresentation of its value by the officers and agents of the corporation, is not equivalent to a charge that the corporation, or any of its officers or agents, made any misrepresentation of the property itself. The statute does not require, or even authorize, the owner of property to make any representation to the assessor of its value, and it is not to be assumed that the legislature intended that the owner should be visited with a penalty for a misrepresentation in reference to a matter upon which it had not authorized or required him to make any representation whatever.

By section 3629 of the Political Code the assessor is authorized to demand from the owner of property a statement containing a list of all the property owned by him on the first Monday of March preceding, and by

section 3650 he is required to prepare an assessment-book, in which must be specified, in separate columns, the value of all such property. There is no provision of the statute requiring the owner to place any value upon his property, but the assessor is chosen by the people for the express purpose of exercising that function. It is not claimed that the Market Street Railway Company failed to give to the respondent the statement provided for by section 3629, or that its property was not exhibited to him, and full opportunity offered to examine the same and determine its value; and it cannot be held that, even if the owner has willfully misrepresented to the assessor the value of his property, he has thereby misrepresented his property if he has at the same time given to that officer a full and correct statement of the several items of that property, and exhibited the property itself. The assessor is himself required to ascertain and determine the value of the property, and for that purpose may make such inquiries or receive such information as he desires; but the valuation which he finally places upon the property is his own act, whether it results from the exercise of his own judgment, or from the representations of the owner, or of a stranger. If he has erred in his estimation of this value, the statute has provided a board of equalization as the tribunal for the correction of such error, which, by section 3673 of the Political Code, is authorized to "make the assessment conform to the true value of such property in money," and, if no correction is made by that body, the valuation made by the assessor is final.

The assessment of property for the purposes of taxation is a function of the executive department of government, but the proceeding contemplated by the petition herein would transfer that function to the judicial department of the government. In order to determine whether there had been any misrepresentation of the value of the property, it would be necessary to ascertain its actual value, and for a court to enter upon this investigation would be to step beyond the boundaries of

its constitutional jurisdiction, and intrude within those which, in the division of governmental functions, have been, by the organic act, placed elsewhere.

The writ is denied.

GAROUTTE, J., and VAN FLEET, J., concurred.