[Sac. No. 202. Department Two.—November 24, 1896.]

## E. WOOLRIDGE, Respondent, *v.* A. F. BOARDMAN ET AL., Appellants.

Insolvency—Fraudulent Transfer—Gift to Wife—Intent to Defraud Creditors—Support of Finding.—Evidence reviewed and held to support finding of insolvency at time of gift, and fraudulent intent in making the same.

Id.—Effect of Subsequent Insolvency—Absence of Business Reverse. Though subsequent insolvency is not of itself foundation for an inference of insolvency at the date of a gift six months previous thereto, yet the subsequent insolvency, occurring within a short interval of time without any considerable reverse of business through the happening of any casualty, is a fact pertinent to the inquiry whether the like condition did not exist at the time of the gift to the wife, and to illustrate the intent of the donor.

Id.—Insolvency at Time of Gift.—The insolvency of a debtor at the time of a gift of property to his wife is a circumstance tending to show fraudulent intent.

Id.—Evidence—Statement of Property for Taxation—Insufficient Objection.—Though a statement of property for taxation rendered to the assessor is not evidence of the value of the property, it is admissible as evidence of what property was then claimed by the party making the statement, and an objection made to the whole statement as incompetent, irrelevant, and immaterial is properly overruled, the objection not being confined to the value placed on the property.

Appeal from an order of the Superior Court of Placer County denying a new trial. J. E. Prewitt, Judge.

The facts are stated in the opinion.

*F. P. Tuttle,* and *W. B. Gardner,* for Appellants.

The evidence is insufficient to justify the decision. The transfer was made more than thirty days, some six months before the petition in insolvency was filed. No presumption of fraud therefore exists, and the fraud must be alleged and proved. (*Threlkel* v. *Scott,* 89 Cal. 351.) In the case of an insolvent, the fraudulent intent is one of fact and not of law, and may be rebutted by proof of the fact that the insolvent was ignorant of or had no knowledge of his insolvency. (*Bull* v. *Bray,* 89 Cal. 286; *Morgan* v. *Hecker,* 74 Cal. 540.) There is no

proof that the debtor did not have ample resources to pay all his debts as they became due. ( *Sacry* v. *Lobree* 84 Cal. 48; *Bell* v. *Ellis,* 33 Cal. 620; *Hunt* v. *His Creditors,* 9 Cal. 45.)   The fact that Boardman filed a petition in insolvency in March, 1895, can raise no presumption that he was insolvent in September, 1894, or that at that time he contemplated insolvency. ( *Windhaus* v. *Bootz,* 92 Cal. 617.)   The court erred in receiving in evidence the statement of the property owned by A. F. Boardman & Co. rendered to the county assessor, as it was incompetent and irrelevant. ( *San Jose etc. R. R. Co.* v. *Mayne,* 83 Cal. 566.)

*Jo. Hamilton,* and *George W. Hamilton,* for Respondent.

As to when a man is insolvent, see Civ. Code, sec. 3450; *Sacry* v. *Lobree,* 84 Cal. 41; *Washburn* v. *Huntington,* 78 Cal. 573; *Judson* v. *Lyford,* 84 Cal. 505.   If Boardman had ample resources he put them out of his hand, which is the very thing complained of. ( *Swartz* v. *Hazlett,* 8 Cal. 118; *Bull* v. *Bray,* 89 Cal. 297.)

BRITT, C.—A. F. Boardman and William Watts, individually, and as partners composing the firm of A. F. Boardman & Co., filed their petition in insolvency on the twenty-eighth day of March, 1895, and were thereupon duly adjudicated insolvent debtors; subsequently plaintiff was elected their assignee.   As such assignee he obtained judgment in this action requiring the defendant, Mary Boardman, wife of said A. F. Boardman, to reconvey to him, the plaintiff, nine hundred and ninety shares of stock in a certain mining corporation, of the value of two thousand nine hundred and seventy dollars, which Boardman had transferred to her as a gift on September 22, 1894; this on the ground that such transfer was fraudulent and void as to the creditors of the husband.   A motion of defendants Boardman and wife for new trial was denied, hence the appeal.

The chief contention of appellants is that the evidence did not sustain the finding of the court that Boardman gave his wife the stock intending thereby to hinder, delay, and defraud his creditors. It would be unprofitable labor to abstract at length the evidence in the record touching the pecuniary condition of Boardman at the time of the transfer assailed by the plaintiff. Boardman gave testimony to the effect that in September, 1894, the assets of his firm were worth thirty thousand dollars, while the indebtedness was less than half of this amount, and counsel insist that the evidence in this particular was without substantial conflict. But we find discrepancies concerning the items making up said total which tended to cast discredit on his estimates. Thus, he valued certain stock in trade then on hand at six thousand dollars, when other testimony in the case placed it at two thousand four hundred dollars; he testified that certain lands were worth, at that time, two thousand nine hundred dollars, but, in his petition in insolvency, rated them at no more than eleven hundred dollars; substantially the same credits in favor of the firm, which, according to his testimony at the trial, were worth in September, 1894, their nominal amount —over ten thousand dollars—he stated in said petition to be uncollectible beyond one-half their face. Confessedly, a little more than six months after the gift in question, both Boardman and his partner were insolvent, and, in our opinion, the matters to which we have alluded, and other evidence in the case of similar tendency, warranted the conclusion that Boardman's circumstances were not materially worse when he commenced proceedings in insolvency than when he gave to his wife the mining stock; indeed, the business of the partnership seems to have resulted in a small profit during the intervening period. We concede the point of appellants that the insolvency of the concern in March is of itself no foundation for an inference that it was insolvent in the preceding September (*Windhaus* v. *Bootz*, 92 Cal. 617); but the subsequent insolvency, occurring

after lapse of no great interval of time, and when the business had suffered no considerable reverse by flood, fire, or other casualty, was a fact pertinent to the inquiry whether the like condition did not exist at the time of the gift to the wife, and to illustrate the intent of the donor. (*Butler* v. *Collins,* 12 Cal. 457; Bump on Fraudulent Conveyances, sec. 254.) It is said that the insolvency was precipitated by an unexpected attachment; but the claim on which the attachment issued was outstanding at the time of the gift, and was a contingency which Boardman was then bound to take into account in balancing the probabilities of his solvency or insolvency. (Bump on Fraudulent Conveyances, sec. 261; *Elwell* v. *Walker,* 52 Iowa, 256, 265.) The condition of insolvency was a circumstance tending to show fraudulent intent (*Emmons* v. *Barton,* 109 Cal. 663; 671); there was, besides, other evidence concerning the same issue; three weeks before the gift in controversy here Boardman transferred to his wife, without valuable consideration, shares of stock in the Auburn Orange Company worth four thousand dollars; and some later dispositions made by him, but unnecessary to detail, tended to withdraw smaller portions of his property from the reach of creditors. It appears also that only two days after the transfer of the mining stock to Mrs. Boardman, the firm of A. F. Boardman & Co. settled an account of more than four thousand dollars with an importunate creditor by giving him their note (which has never been paid), telling him they could pay him nothing, as they could collect nothing. Notwithstanding some matters in proof which consisted well enough with good faith in the transaction impeached, we are satisfied that the finding of fraud made by the court upon all the facts before it cannot be disturbed.

Said insolvents resided in Placer county, and most of their assets were situated there. At the trial the court received in evidence the statement of the property owned by A. F. Boardman & Co., on March 5, 1894 rendered to the county assessor for purposes of taxation

under section 3629 of the Political Code. This was subscribed by Boardman, and showed only real estate valued at two hundred dollars above mortgage deductions, and personalty consisting of horses, harness, vehicles, and farming utensils, valued at three hundred and twenty dollars. Defendants objected generally to the introduction of this document on the ground that it was incompetent, irrelevant, and immaterial. It was not shown that Boardman fixed or suggested the value which was placed on the property; this was the duty of the assessor, and if the objection had been confined to the valuation it would have been the duty of the court to exclude the same. (*San Jose etc. R. R. Co.* v. *Mayne,* 83 Cal. 566.) But being a list ostensibly accurate of the property owned by the firm at that time, verified by Boardman's signature, the statement was admissible to show what taxable property was then claimed by the firm—not as conclusive, but as any other declaration of Boardman on the subject. Since the paper was competent and relevant for some purposes, defendants cannot complain that the objection made to it as a whole was overruled.

The order appealed from should be affirmed.

HAYNES, C, and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.