In the matter of the estate of NELSON S. HIBBLER, deceased.

[Decided November 17th, 1910.]

1. Where one was named executor and trustee under a will and the estate of testator came to him under the will and his duties as executor were inconsiderable as compared with his duties as trustee, in determining the amount of his compensation, the principal fund should be deemed as having passed to him at once as trustee and an allowance on the *corpus* should be held to have been an allowance to him as trustee, though the accounts were filed as executor.

2. The general duties of an executor are to collect the effects of decedent to pay the claims against his estate and distribute the residue to those entitled thereto.

3. A "trustee" is one in whom some estate, interest or power in or affecting property is vested for the benefit of another; and, while an executor is a trustee in the broadest sense, he is not a trustee in the general acceptation of the term.

4. The office of executor or trustee will be determined by the character of the estate confided to him by the will and the powers to be exercised by him as the representative of testator.

5. One may be executor and trustee under a will and entitled to commissions on the *corpus* of the estate in each capacity.

6. No more than five per cent. in all may be allowed to a trustee or trustees, either one or several in succession, for the care and management of the *corpus* of the trust estate.

---

On application for appointment of new trustee, &c.

*Mr. James P. Northrop*, for the *cestui que trust*.

WALKER, VICE-ORDINARY.

The last will and testament of Nelson S. Hibbler, deceased, was admitted to probate by the ordinary April 18th, 1888. In it the testator appointed William S. Voorhies "executor and trustee," who filed an inventory showing the value of the estate to be $161,878. He has managed the estate to the present time and now resigns and asks to be relieved from his trust. All of the adult *cestui que trust* consent to the accepting of his resignation and ask that Nelson R. Stryker, one of the beneficiaries, be ap-

pointed trustee in his stead. The only infant interested is before
the court by guardian, and, there being nothing in the way of
granting the request of Mr. Voorhies, his resignation will be ac-
cepted and Mr. Stryker will be appointed in his stead. The adult
*cestui que trust* consent that Mr. Stryker be not required to give
a bond exceeding $25,000. Considering the presence of the
infant, for whom consent cannot be given, I will advise that the
bond be made $50,000, which will more than protect him in any
event.

In 1889, Mr. Voorhies, as "executor," filed an account in which
he was allowed commissions of three per cent. on $141,888.73,
the principal that had come to his hands, less investments of the
testator not assumed by him. He filed accounts every two years
thereafter until his fifth account, which was styled a final account
as "executor." This was in 1898. In the account of 1891 he was
allowed three per cent. on $14,291 of additional principal which
he had gotten in. In the account of 1893 he was made a similar
allowance on another increment of principal amounting to $10,-
680.10. Thus it will appear that he received three per cent. on a
principal fund amounting to $166,859.83. In addition to this
he has been allowed commissions of five per cent. on all income
which has passed through his hands. He now asks for an allow-
ance of two per cent. on the principal so that his total allowance
of commissions on that fund will be five per cent. His claim is,
that the allowances already made were to him as "executor," and
now he desires an allowance of two per cent. as "trustee" for
handling the *corpus* of the estate since 1898.

The testator, after directing that his debts and funeral expenses
be paid, made specific bequests of chattels and small sums of
money to certain persons, and made certain devises of real estate,
and then devised and bequeathed unto his "executor" all the rest,
residue and remainder of his real and personal property upon
certain trusts—*first,* to pay unto certain grandsons and grand-
daughters certain annuities for ten years after his decease;
*second,* after ten years, to pay to certain grandsons and grand-
daughters each a certain sum of money, and after deducting and
paying out those bequests, the balance to be disposed of as fol-
lows: One-fourth of the net income to be paid to his daughter

Ellen Stryker during her life; one-half of the remaining three-fourths to be equally divided between the children of his daughter Emma V. Abernathy; and the net income derived from the remaining one-half of the three-fourths to be paid to his daughter Josephine Otterson during her life. Upon the decease of his daughters Mrs. Stryker and Mrs. Otterson, the respective shares of the trust estate set apart to them to be divided between their children.

The testator was a rich man and left comparatively few debts, and the executor had few duties to perform as such. Mr. Voorhies, in his first account, charged himself with $10,983.42 of interest and dividends collected to June 4th, 1889, and in discharge prayed allowance for disbursements of $6,149.04, of which about $1,340 were disbursements as "trustee," making $4,809.04 of disbursements as "executor." The account is so stated that it cannot be exactly ascertained to which account, that of executor or trustee, all of the items of charge or discharge belong, without examining the vouchers, which are not before me.

Now, it seems to me, it would be manifestly improper in a case like this, where one handles practically $5,000 in the capacity of executor in an estate amounting to approximately $167,000, to hold that his allowance of three per cent. on the *corpus* should be credited to him as "executor" upon the theory that he passed the estate over to himself as "trustee," to enable the court to make him a further allowance out of the principal, especially in view of his having received the highest commissions allowed, namely, five per cent. on the receipt and disbursement of all income during his entire stewardship. He was created both "executor and trustee" under the will, and the estate of the testator came to him under that instrument, and, considering the fact that his duties as executor were inconsiderable as compared with his duties as trustee, the principal fund should be regarded as having passed to him at once as trustee and his allowance on the *corpus* be held to have been an allowance to the trustee although the accounts were filed as executor.

The duties of an executor and those of a trustee are well recognized in the law as being distinct. The general duties of an executor are to collect the effects of the deceased, pay the claims

against his estate and distribute the residue to those entitled. *11 Am. & Eng. Encycl. L. (2d ed.) 903.* A trustee is a person in whom some estate, interest or power in or affecting property is vested for the benefit of another. *2 Bouv. Dict. (Rawle's ed.) 1146.* Of course, an executor is a trustee in the broadest sense, but not in the general acceptation of the term.

Chief-Justice Beasley said, speaking for the court of errors and appeals, in *Pitney v. Everson, 42 N. J. Eq. (15 Stew.) 361* (at *p. 366*): "It is true that throughout the will trustees are called executors, but this is a mere *descriptio personarum,* and even if otherwise intended, could not, as has been remarked already, alter, in any respect, the substantial qualities and attributes of the estate, which, in point of fact, has been called into existence." Thus it will be seen that no matter what the designation in the will, the office, whether of executor or trustee, will be determined by the character of the estate confided to, and the powers to be exercised by, the representative of the deceased.

It is true that one and the same person may be executor and trustee under a will and entitled to commissions on the *corpus* of the estate in each capacity (*Pitney v. Everson, ubi supra*), nevertheless, I am of opinion, in this case, that Mr. Voorhies has acted as trustee in the husbanding of this estate and in disbursing the annuities directed to be paid, notwithstanding that in his fifth account he set off to himself, as trustee, $71,240.56 as the Josephine Otterson share and $47,493.74 as the Ellen Stryker share. This was a mere bookkeeping scheme and in nowise changed the character of the securities which he held, nor did it change his position with reference to the estate.

No more than five per cent. in all may be allowed to a trustee or trustees, either one or several in succession, for the care and management of the *corpus* of an estate. Mrs. Stryker is now sixty-seven years of age, and her expectancy of life is ten years. Mrs. Otterson is fifty-six years of age, and her expectancy of life is nearly seventeen years, according to the tables of mortality. As Mr. Voorhies has had three per cent. on the *corpus* of this estate, as much as two per cent. may hereafter be awarded to the trustee who succeeds him, and that trustee, as it appears, may be obliged to manage a portion of the estate for ten years and another por-

tion for over sixteen years, though, maybe, for a greater or lesser period of time as to each interest.

The court should, in my judgment, be in a position hereafter to allow commissions to the trustee on the *corpus* of the estate not exceeding two per cent., according to the time during which he shall have charge of it, considering also the value of his services.

This view leads to a denial of the application for further allowance to Mr. Voorhies out of the *corpus*.