[L. A. No. 16351. In Bank.—April 15, 1940.]

COUNTY OF LOS ANGELES, Respondent, v. MORRISON MORRISON, Executor, etc., Appellant.

Golden & Kaufman and A. V. Kaufman for Appellant.

Everett W. Mattoon, County Counsel, Douglas De Coster, Chief Deputy County Counsel and Gordon Boller, Deputy County Counsel, for Respondent.

THE COURT.—The facts of this case are as follows: Louis W. Morrison died March 26, 1935, possessed of several shares of stock in a New York corporation valued at $342,820. For two months prior to his death he was in a state of coma, and was unable to make a tax return or otherwise to attend to his affairs. After his death, and on April 15, 1935, Morrison Morrison was appointed and qualified as executor of his will.

No personal property tax return was filed with the county assessor by either the deceased or the executor of his will during the assessment period of the year 1935. ▇ However, in accordance with the provisions of section 3627a of the

Political Code it is the duty of any person owning, possessing, or in control of shares of taxable stock to make a return thereof for assessment purposes between the first Monday in March and the first Monday in July of each year; and in event of failure to make a return within the required time it is provided that the property "shall, upon the discovery of the escape, be assessed and levied upon", and that "a penalty shall attach to the tax so levied and entered in an amount equal to two times the tax". On December 11, 1935, an inventory and appraisement of the property of the estate was filed in the probate court and a copy thereof was transmitted by the clerk of that court to the county assessor, as required by section 600 of the Probate Code.

Upon receipt of the copy of inventory the assessor discovered that the stock had escaped assessment during the assessment period earlier in the year. Therefore, pursuant to the provision of section 3627a of the Political Code the assessor immediately levied a tax on the stock, at its appraised value, in the sum of $685.64, together with a penalty of two times the tax, amounting to $1,371,28. Without success as far as an evasion or a reduction of such tax was concerned, the executor protested the imposition of the penalty before the Los Angeles board of supervisors sitting as a board of equalization. On February 28, 1936, the county filed the present action for said sums of $685.64 and $1,371.28, plus a delinquent penalty of $20.56, making a total of $2,077.48. As sole defendant in said action the complaint therein named "Morrison Morrison, Executor of the Estate of Louis W. Morrison, deceased".

The trial court found the facts to be as above recited and rendered judgment for plaintiff in the said sum of $2,077.48, and costs. Defendant has appealed from that judgment.

Appellant contends that the judgment is erroneous for the reason asserted by him that the assessment should have been levied against Morrison Morrison, the executor, as an *individual* and not against the estate. In that connection appellant cites the further provision of section 3627a of the Political Code, which reads as follows: "If any property taxable under the provisions of this section is held in trust by any person, association, or corporation domiciled or the principal place of business of which is located in this State, such property shall be taxable *solely to the trustee* thereof." (Emphasis added.) Appellant argues that the provision for taxing the

property solely to the trustee was made for the purpose of holding the latter personally responsible, instead of the trust estate—upon the contention that the legislature must have intended that any failure or neglect on the part of a trustee to comply with the provisions pertaining to the making and filing of a return should be chargeable solely to him. With regard to that contention it has been said that although a personal representative of an estate, in a broad sense, does act in the capacity of a trustee during the time the property of the decedent is in his possession as such personal representative, nevertheless he is not a trustee in the general acceptation of the term. (23 Cor. Jur., p. 1170.) That distinction is well set forth in the case of *In re Hibbler's Estate,* 78 N. J. Eq. 217 [78 Atl. 188, 189], wherein it is said: "The duties of an executor and those of a trustee are well recognized in the law as being distinct. The general duties of the executor are to collect the effects of the deceased, pay the claims against his estate and distribute the residue to those entitled. . . . A trustee is a person in whom some estate, interest or power, in or affecting property is vested for the benefit of another. . . . Of course, an executor is a trustee in the broadest sense, but not in the general acceptation of the term." The probate court or judge is the guardian of estates of deceased persons and all proceedings are under the direction of the judge. An executor or administrator derives his power to act from the order of the court. (11 Cal. Jur., sec. 6, p. 214, and cases there cited.) Furthermore, even if the assessment here concerned had been made in the name of Morrison Morrison, as trustee, it cannot be said that such assessment would have been imposed against him as an individual. Section 3639, Political Code, provides that when a person is assessed as "trustee" his representative designation must be added to his name and the assessment entered separately from his individual assessment. That section reads as follows: "When a person is assessed as agent, *trustee,* bailee, guardian, *executor,* or administrator, his representative designation must be added to his name, and the assessment entered on a separate line from his individual assessment." (Emphasis added.) The language of that section not only indicates that for purposes of assessment, as to one who acts in a representative capacity, a "trustee" is to be distinguished from an executor, but also that when the latter is assessed in his representative capacity—the tax hav-

ing been levied upon the property of the decedent—the executor's representative designation must be added to his name, and any assessment to him as an individual must be indicated separately. Further, the provisions of section 3642, Political Code, authorize the making of an assessment in the manner followed in the instant case. (See, also, *People* v. *Olvera,* 43 Cal. 492.) That section provides that "The undistributed or unpartitioned property of deceased persons may be assessed to the . . . executors, . . . " The ruling of the court in the case entitled *San Francisco* v. *Pennie,* 93 Cal. 465, 471, 475 [29 Pac. 66], is applicable herein. There it was said: "Mrs. Shillaber died February 18, 1885, and the original defendant was appointed special administrator for her estate February 25, 1885. The assessment is of the property belonging to her estate on the first Monday of March of that year. Section 3642 of the Political Code provides that 'the undistributed . . . property of deceased persons may be assessed to the heirs, guardians, executors, or administrators'; and section 3639 provides that 'when a person is assessed as . . . administrator, his representative designation must be added to his name, and the assessment entered on a separate line from his individual assessment.' The assessment in the present case was made to Carroll Cook, as the administrator of Mrs. Shillaber's estate. Whether he was special administrator or general administrator was immaterial. It was an assessment to him of only the property of the decedent whose estate he represented, and not of any of his individual property. This fact of itself eliminated all uncertainty as to whose property was intended by the assessment. . . . The cause of action is for taxes *due from the estate* of Mrs. Shillaber (Pol. Code, sec. 3642), and is properly brought against the custodian of that estate. No order or decree for the distribution of the property can be made until they have been paid. (Pol. Code, sec. 3752.) The liability of the administrator, therefore, is *official,* and not personal, and upon his resignation or discharge such liability is assumed by his successor in the same manner as is any other obligation of the estate." (Emphasis added.) (See, also, 24 Cal. Jur., sec. 247, p. 270.)

It has always been recognized that an executor of a will or an administrator of an estate has authority and it is his duty to preserve the property by paying taxes which have been legally imposed. As was held in the case entitled *San Francisco* v. *Pennie,* hereinbefore cited, the taxes are a

charge upon the estate, and the liability of the representative is *official* only. (11 Cal. Jur., sec. 649, p. 1018.)

■ Appellant admits that "it was his duty to file the return in accordance with the provisions of the Political Code and his failure to do so had the effect of creating a liability against the estate". But he argues that the estate may not be held liable for the penalty which was incurred by reason of his failure or neglect in that regard, and that liability therefor should be imposed on him as an individual and not as executor of the estate. The statute provides (sec. 3627a, Pol. Code) that if a return is not made within the time specified therein, "a penalty shall *attach to the tax* so levied". The language of the statute makes it clear that the penalty is intended to "attach to the tax". Therefore, the penalty, in effect, becomes a part of the tax. And since, in the instant case, the taxes which were assessed against property owned by decedent at the time of his death became an obligation due from his estate, it follows that the penalty— being a part of the tax—likewise was chargeable to the estate.

■ Appellant further argues that inasmuch as the omission to make the return was because of his own failure in that regard, the penalty should not be made a charge against the heirs of the estate. However, whatever equities may be claimed to exist between the executor—for an act of nonfeasance in the administration of the estate—and those to whom the estate ultimately is distributed may not be successfully urged in this action, which, in accordance with statutory authorization therefor, is brought by the county solely for the purpose of collecting taxes and the attaching penalties from the estate. There is no language to be found in section 3627a, Political Code, which would give rise to an implication that on a state of facts such as here is presented it was the legislative intent that although the *tax* should be made collectible from the estate, the *penalty* might be collected from another source. In the instant case, therefore, in the absence of statutory authority in that respect, we may not hold that the tax was chargeable against the estate but that the attaching penalty was intended to be imposed against the appellant as an individual,—a procedure which, in any event, would unnecessarily complicate the collection of taxes and penalties legally imposed under legislative authority. The movable and elusive character of intangible property requires that tax assessments thereon shall be followed by

prompt collection. (*Peterson* v. *Hopkins,* 124 Cal. App. 33 [12 Pac. (2d) 104].)

▉ Appellant also argues that his compliance with section 600, Probate Code, by the filing of an appraisement and inventory with the probate court—a copy of which was submitted to the assessor—in effect excused his nonperformance of the requirements of section 3627a, Political Code. There is no merit in that contention. The provisions of the latter section require that the return be made during the four-month period therein mentioned. The inventory was not filed until some time in December, several months after the assessment season had closed. The duty of compliance with the provisions of section 3627a, Political Code, by the representative of an estate is independent of the duty also imposed on him to comply with the provisions of section 600, Probate Code. The latter section provides for one of the procedural steps necessary in probate matters, and in no wise may be construed as relieving the executor or administrator of an estate of his separate duty to make the tax returns provided for by the Political Code.

▉ Nor is there any merit in appellant's contention that by reason of the fact that he did not know the value of the stock prior to the filing of the inventory and appraisement, he theretofore could not have made the return provided for by section 3627a of the Political Code. An owner or person in control of property is not required to fix its value for taxation purposes, since that is a duty to be performed by the assessor. (24 Cal. Jur., sec. 155, p. 172; *Woolridge* v. *Boardman,* 115 Cal. 74 [46 Pac. 868]; *Clunie* v. *Siebe,* 112 Cal. 593 [44 Pac. 1064]; *San Jose etc. R. R. Co.* v. *Mayne,* 83 Cal. 566 [23 Pac. 522].)

▉ The final contention of appellant is against the legality of the tax itself. In that regard appellant contends that where, as here, the tax is imposed on shares of stock in a holding corporation whose sole property consists of real estate owned in fee in the State of New York, and there taxed, it amounts to double taxation. That contention, likewise, is without merit. (*Chesebrough* v. *San Francisco,* 153 Cal. 559 [96 Pac. 288]; *Canfield* v. *County of Los Angeles,* 157 Cal. 617 [108 Pac. 705]; *Lacoe* v. *County of San Diego,* 33 Cal. App. (2d) 692 [92 Pac. (2d) 809].)

From the foregoing, it follows that the judgment should be, and is, affirmed.