[Civ. No. 27493. Second Dist., Div. One. Dec. 24, 1963.]

CRAIG NASON, Plaintiff and Respondent, v. HERMAN J. GRANZ, Individually and as Administator, etc., Defendant and Appellant.

E. O. Berry and John Amos Fleming for Defendants and Appellants.

Hansen & Dolle and Marvin S. Frankel for Plaintiff and Respondent.

LILLIE, J.—For services rendered as an appraiser, plaintiff alleged that defendant Granz, individually and in his representative capacity, was indebted to him in the sum of $15,000. The indebtedness was pleaded by use of the common counts. The court found in plaintiff's favor as to count one of the complaint (alleging an open-book account) and against Granz as administrator of his mother's estate.[1]

Necessary to our disposition of the issues on appeal is the following summary of background facts: Prior to her death in February of 1957, Mrs. Granz had commenced a partition suit against Minnie Joughin and other cotenants which involved property located in the Torrance area of Los Angeles County. A special administrator served until July of 1957 when defendant Granz qualified as general administrator. In October of 1957 he sought and secured an order in probate authorizing him to continue the prosecution of the above partition action and, in that connection, to incur all reasonable expenses including attorneys' fees (in an amount to be thereafter fixed by the court) and any other expenses necessary to the proper prosecution of the action.

In April of 1957, prior to his appointment as administrator, it appears that Granz had contacted plaintiff with the view of engaging the latter's services as an appraiser in the partition suit then pending. It was orally agreed that such services would be performed at the rate of $150 per day. Thereafter plaintiff entered upon his duties as an appraiser, was an expert witness at the trial of the partition suit and

---

[1]The judgment also decreed that "plaintiff has not agreed to look only to the Estate of ISABELLA JOUGHIN GRANZ for payment of his services rendered pursuant to the agreement" [thereafter described].

was employed by the court to assist in repartitioning one of the partitioned parcels and in the preparation of the interlocutory decree. In September of 1958 plaintiff presented to the administrator's attorneys a statement for services rendered which amounted to $18,000. He previously had received from the administrator two checks in the sum of $500 each, one of which was apparently for costs. In July of 1959 he received an additional $2,500 from the administrator.

The court made the following findings: That in April of 1957 plaintiff and defendant Granz, as administrator, entered into an oral agreement for the rendition of professional services, and that defendant agreed to pay reasonable value for said services at the completion thereof; that the agreement was one which could have been performed within one year; that plaintiff rendered services to defendant Granz, as administrator, totaling 98 days and extending over a period beginning in April of 1957 and ending in October of 1958; that the reasonable value of such services was $150 per day; that $3,000 had been paid to plaintiff by said defendant; that plaintiff kept an open book account of services rendered and payments received pursuant to the subject agreement in his regular course of business; that plaintiff did not agree to look only to the Estate of Isabella Granz for payment pursuant to the agreement in question. Appropriate conclusions of the law were drawn therefrom. The judgment, as noted earlier, was against defendant Granz, as administrator; it provided that he was indebted to plaintiff in the sum of $11,700. There was the further provision, as mentioned in footnote 1, *supra,* that plaintiff had not agreed to look only to the estate for payment for his services.

The judgment is challenged on several grounds; among others, it is claimed that the action is barred by section 339, subdivision 1, Code of Civil Procedure (two years), that the evidence is insufficient to support the finding of indebtedness upon an open-book account and that the court was without authority to render a judgment (at least in the amount decreed) against defendant in his capacity as administrator. We are of the view that under the circumstances at bar the contention last mentioned must be sustained.

■ "The representative cannot, by virtue of his general powers as such, make any contract that binds the estate; and this is true though the contract be in the interest of and for the benefit of the estate. . . . In other words, as a general proposition, the only obligations a representative may create

764

against an estate are those authorized by statute or by the decedent's will.'' (20 Cal.Jur.2d, Executors and Administrators, § 275.) True, there are certain contracts which are incidental to the administration of the estate, including costs of necessary litigation; in such event, the representative is still liable personally to third persons but he may thereafter be reimbursed by the estate on his accounting if his expenditure is found to be a necessary one. In *County of Los Angeles* v. *Morrison*, 15 Cal.2d 368, 371 [101 P.2d 470, 129 A.L.R. 443], it is said: ''The probate court or judge is the guardian of estates of deceased persons and all proceedings are under the direction of the judge. An executor or administrator derives his power to act from the order of the court.'' And in *Estate of Palm*, 68 Cal. App.2d 204, 212 [156 P.2d 62], there is this statement: ''Of course a representative of an estate may be specifically authorized by statute, or be given implied authority of law for the preservation of the estate, to perform many acts without first procuring orders of the court therefor, but ordinarily such acts are subject to the approval of the probate court.''

Contrary to the court's finding, mentioned above, defendant Granz was not the administrator in April of 1957 when the subject contract was entered into. Too, the order of October, 1957, authorizing the administrator to incur any other expenses (which might be construed to include plaintiff's services) necessary to the proper prosecution of the partition suit clearly is prospective in its application. Indeed, there is nothing in the record presented to us which would indicate that any order in probate has ever been sought or rendered specifically confirming plaintiff's employment in the premises. The court also found, as noted above, that plaintiff rendered services to the administrator representing 98 working days from April of 1957 to October 1958. This finding likewise cannot stand in view of the fact that Granz did not qualify as administrator until July of 1957.

We thus have a judgment, predicated upon certain erroneous findings, which holds the administrator liable *in toto* for services assertedly rendered the estate. No part of the sum awarded is allocable to services rendered before the representative's appointment for which he might be held personally liable or for which he might be reimbursed upon a proper showing. Plaintiff cites *Harm* v. *Frasher*, 181 Cal.App.2d 405 [5 Cal.Rptr. 367], as authority for the contention that a creditor should not have to elect between the debtor as an

individual and the same debtor as administrator of an estate. The facts in that case are clearly distinguishable. There the court ordered the sale of certain property pursuant to a contract, confirmed the sale and ordered the executors to execute and deliver the necessary documents; this they refused to do. The executors were held liable because without sanction of court they refused to comply with the directions to proceed with the sale. They were also held individually liable because of their refusal to obey the court order which resulted in the estate's breach of contract. As indicated above, we are not here presented with any court order which the administrator has refused to obey; nor do we have any court-approved contract which relates to the entire period of time during which services were performed and for which such services judgment was rendered. Accordingly, we must remand for proper compliance with accepted probate procedures.

The judgment is reversed for further proceedings not inconsistent with the views herein expressed.

Wood, P. J., and Fourt, J., concurred.