[Civ. No. 202. Second Appellate District.—June 30, 1906.]

## CITY OF LOS ANGELES, Respondent, *v.* HUGH GLASSELL and ANDREW GLASSELL, Executors, etc., Appellants.

ACTION TO RECOVER CITY TAXES—PLEADING—SUFFICIENCY OF COMPLAINT. A complaint by a city to recover municipal taxes from the executors of a deceased testator, which, in addition to the allegations required by the statutory form of complaint, describes the property assessed, and alleges that said taxes were duly assessed and levied upon personal property, which then and there belonged to and was part of the estate of said deceased person, which said defendants, as such executors, had in their possession and control in said city at 12

o'clock noon, on the first Monday in March of the year of assessment, sufficiently states a cause of action.

ID.—PROOF OF ULTIMATE FACT—DEATH OF DECEDENT IN CITY.—The averment of the complaint that the executors had the assessed property in their possession and control in said city at the time stated is of the ultimate fact, to prove which it may be necessary to show in evidence that the said decedent died in said city.

ID.—AUTHORIZATION OF SUIT.—The suit by the city to recover the alleged amount of taxes is authorized, both by the ordinance of the city regulating the levy and collection of taxes, and by the charter of the city providing that the mode and manner of collecting municipal taxes shall substantially be the same as the mode and manner at the time prescribed by the law for collection of state and county taxes in said county.

ID.—ASSESSMENT-ROLL AS PRIMA FACIE EVIDENCE.—The provision of the charter makes applicable to suits for the collection of city taxes the provision of statute as to the collection of general taxes, that ''the assessment-roll shall be *prima facie* evidence of the plaintiff's right to recover.''

ID.—OVER-ASSESSMENT—FAILURE TO APPLY TO BOARD OF EQUALIZATION—EXECUTORS CONCLUDED.—Where there was an over-assessment of solvent credits to the estate, the sole remedy of the executors was to appeal to the board of equalization, and upon failure to apply thereto they are concluded by the assessment, and cannot defend the action to recover the taxes assessed on that ground.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellants.

W. B. Mathews, and Hartley Shaw, for Respondent.

WILBUR, J. (*Pro tem.*)—This is an action brought by the city of Los Angeles, a municipal corporation, for the recovery of $1335.18, taxes, with penalties, levied by said municipality upon the property of Andrew Glassell, deceased. The superior court gave judgment for the full amount claimed, and the defendants appeal from the judgment and from an order denying a motion for a new trial.

The complaint is very brief; after alleging the death of Andrew Glassell on January 28, 1901, in the city of Los Angeles, the appointment, on February 19, 1901, of the defendants as executors of his last will, and their qualifications as such, it is further alleged: "That said Hugh Glassell, as executors of the last will and testament of said Andrew Glassell, deceased, are indebted to the plaintiff in the sum of thirteen hundred and thirty-five dollars, eighteen cents, with ten per cent penalty added thereto for nonpayment thereof, and interest thereon at the rate of two per cent per month, from December 1, 1901; which said taxes were duly assessed and levied by said city of Los Angeles for the fiscal year 1901-2, upon personal property which then and there belonged to and was part of the estate of said Andrew Glassell, deceased, and which said defendants, as such executors, had in their possession and control in said city of Los Angeles at 12 o'clock, noon, on the first Monday in March, 1901; that said personal property so assessed consisted of solvent credits in the amount of $101,605, bonds in the amount of $5000, and money in the amount of $210." The defendants deny the allegations of the complaint, and allege that they were nonresidents of the city of Los Angeles on the first Monday in March, 1901; admit the ownership of the bonds and money described in the complaint, but deny the ownership of the solvent credits. The finding of the court in regard to solvent credits was that the defendants as executors had in their possession and control in the city of Los Angeles solvent credits amounting to the sum of $71,756, and no more, at 12 o'clock, M., on the first Monday in March, 1901.

Three questions are raised upon the appeal: First, whether the complaint states a cause of action; second, whether the production of the assessment-book in evidence was sufficient prima facie proof of all facts essential to recovery, and third, whether or not a recovery should be had for the full amount of taxes when the solvent credits actually owned were of less value than the amount assessed.

1. It is contended by the appellants that the complaint fails to state a cause of action for the reason that all of the proceedings leading up to the levy of the tax are not alleged in detail; that it is not alleged in the complaint that the property taxed was within the city of Los Angeles, and that no

authority is alleged on the part of the city council for the bringing of this action as is required by the provisions of section 64 of the ordinance of the city regulating the levy and collection of taxes. The respondent claims that the complaint is in the form prescribed by statute as the form of complaint in actions for the recovery of taxes (Stats. 1880, p. 136). The constitutionality of this statute, however, is attacked by appellants upon the authority of *People* v. *Central Pacific R. R. Co.*, 83 Cal. 393, [23 Pac. 303], in which a similar statute was held unconstitutional. This case was overruled and discredited to such an extent by the supreme court in the later case of *People* v. *Central Pacific R. R. Co.*, 105 Cal. 576, [38 Pac. 905], that it can hardly be considered as an authority upon the question involved in this case, particularly as the earlier decision was brought about in part by an effort to harmonize conflicting provisions in the Code of Civil Procedure and the Political Code, while the construction of statute in question, enacted subsequent to the codes and in form an independent statute, is not embarrassed by that consideration. The complaint at bar, however, in addition to the allegations required by the statutory form of complaint, contains a description of the property assessed and an allegation that said taxes were "duly assessed and levied . . . upon personal property which then and there belonged to and was part of the estate of Andrew Glassell, . . . which said defendants, as such executors, had in their possession and control in said city of Los Angeles at 12 o'clock, noon, on the first Monday in March, 1901." In *San Francisco* v. *Pennie*, 93 Cal. 465, [29 Pac. 667], a similar complaint was held sufficient as against a general demurrer. On the authority of that case it must be held that the complaint at bar sufficiently states a cause of action. It is claimed that as the complaint fails to state that Andrew Glassell, deceased, died in the city of Los Angeles, it fails to show that the property was within the jurisdiction of the said city, as the personal property of a decedent is taxable at his place of death. But the complaint does show that the defendants had the property taxed in their possession and control in the city of Los Angeles at 12 o'clock, noon, on the first Monday in March. This is the ultimate fact to prove which it may have been necessary to show in evidence that the said decedent died in said city.

The ordinance of the city of Los Angeles with reference to the levy and collection of taxes was introduced in evidence in the court below. Section 64 thereof provides for the collection by suit of taxes amounting to $300 or more. This section corresponds in its language to section 3899 of the Political Code, and was evidently intended as an adaptation of that section to the proper city officials. It has been held that the remedy given by the statute of 1880, above mentioned, is independent and distinct from the remedy provided by section 3899 of the Political Code. (*Los Angeles* v. *Ballerino,* 99 Cal. 593, [32 Pac. 581, 34 Pac. 329].) If, therefore, the above-mentioned statute of 1880 applies to actions brought by the city of Los Angeles, a similar determination must be reached. This statute by its terms applies only to counties and cities and counties. The charter of the city of Los Angeles, however, contains the following provision: "The mode and manner of collecting such municipal taxes and enforcing such lien, and the proceedings thereafter, shall substantially be the same as the mode and manner at the time prescribed by the law for the collection of state and county taxes in said county." This provision is sufficient to authorize the bringing of the suit in question in the same manner as such suit might be maintained by a county.

2. The sufficiency of the proof in this case is questioned in many particulars, but the respondent relies upon the assessment-roll introduced in evidence as sufficient *prima facie* proof of its right to recover. It is provided in the statute of 1880, page 136, above referred to, that the assessment-roll "shall be *prima facie* evidence of the plaintiff's right to recover." A similar provision is contained in the Political Code, section 3789. These provisions, we think, are made applicable by the provision of the charter of the city of Los Angeles above quoted to actions for the recovery of the municipal taxes.

3. The plaintiff sued for taxes upon $101,605, solvent credits. The court found the credits subject to taxation to be $71,756, and no more. The question presented, therefore, is whether the remedy of the taxpayer is by an appeal to the board of equalization for a reduction of the amount of assessment, failing in which he is liable for the full amount, or whether he can raise this question as a

defense to an action to recover the tax. The determination of a board of equalization with reference to all matters upon which they are competent as a board to pass, and within their jurisdiction as such board, is final and conclusive, and where a remedy is given by an application to this board, that is ordinarily the only remedy, and a failure to follow that remedy concludes the property holder. In *People v. Dunn,* 59 Cal. 328, 340, it was held by the supreme court that while money could not be assessed at more than its face value, solvent credits might properly be assessed at a higher valuation than the face of the obligation. It would therefore follow that the case at bar presents a case of over-valuation rather than of the assessment of nonexisting property, and that the remedy was an appeal to the board of equalization, failing in which the party cannot now complain. (*Columbia Savings Bank* v. *Los Angeles,* 137 Cal. 467, [70 Pac. 308]) ; *Henne* v. *Los Angeles County,* 129 Cal. 297, [61 Pac. 1081].)

The views hereinbefore expressed render immaterial the question as to the admissibility of the inventory, and other questions raised with reference to the introduction of evidence. They, therefore, need not be considered.

The judgment and order denying a new trial are affirmed.

Allen, J., and Gray, J., concurred.