[Civ. No. 4167. Second Appellate District, Division One.—May 25, 1923.]

## GLOBE GRAIN AND MILLING COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES, Respondent.

[1] TAXATION—VALUATION OF PROPERTY — DISSATISFACTION WITH AS-SESSMENT—REMEDY OF PROPERTY OWNER.—Where the question at issue is solely a question of correct valuation in the assessment of property subject to taxation, the taxpayer who is dissatisfied with the assessor's valuation of his property must rely upon his right to apply to the board of equalization for a proper reduction thereof; and the decision of the board of equalization, within the limits of a reasonable discretion, after a due hearing upon such application, is final and conclusive.

[2] ID.—EXCESSIVE VALUATION OF SOLVENT CREDIT — PAYMENT OF TAX UNDER PROTEST — RIGHT TO RECOVER TAX. — The contention by a taxpayer that his solvent credits are more than offset by debts and unsecured liabilities to *bona fide* residents of the state and that, therefore, the valuation of his solvent credits should be as-sessed at nothing, does not authorize him to pay the tax upon the assessed valuation of his solvent credits under protest and then maintain an action for the recovery of the tax thus paid.

[3] ID. — SOLVENT CREDITS — RIGHT TO OFFSET MONEYS DUE NONRESI-DENTS. — In determining the valuation of solvent credits for the purpose of taxation, the taxpayer is not entitled to deduct there-from debts or liabilities owing to firms, associations, or corpo-rations doing business in this state, but which are residents of some other state.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. G. Van Pelt for Appellant.

A. J. Hill, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

CONREY, P. J.—Plaintiff paid under protest a tax levied against it on solvent credits assessed as property of the plaintiff. Plaintiff's demand for repayment of this tax having been refused, it brought this action. The defendant's demurrer to the second amended complaint was sustained, and the plaintiff failed to make any further amendment. Thereupon, judgment was entered in favor of the defendant. From this judgment the plaintiff appeals.

In the complaint it is alleged that in the assessment of plaintiff's property for the year 1919 by the county assessor of the county of Los Angeles there was wrongfully and unlawfully included as property belonging to the plaintiff solvent credits amounting to $1,559,850; that said assessment so set down was illegal and void in that plaintiff at 12 o'clock M., of the first Monday of March, 1919, owed debts and unsecured liabilities to *bona fide* residents of the state of California and firms, associations, and corporations doing business in said state in excess of said sum, "which said debts and liabilities had been claimed as a deduction from said assessment by plaintiff"; that thereafter, in July, 1919, plaintiff duly appeared before the board of equalization of said county and requested that said assessment be changed by reducing said assessment of solvent credits to nothing; that said board of equalization upon a hearing of said request did reduce said assessment of solvent credits to $798,780, but failed and refused to reduce said solvent credits to nothing. The assessment and levy having followed in due course, the tax was paid under written protest duly filed.

It is alleged that the assessment and levy and the tax so paid were illegal and void by reason of the failure to allow for and deduct from the amount of solvent credits returned by the plaintiff, said debts and deductions allowed by law and claimed by the plaintiff, which consisted of unsecured liabilities owing by the plaintiff to *bona fide* residents of the state of California and to firms, associations, and corporations doing business therein; and that

there were not at 12 o'clock M., on the first Monday of March, 1919, in the state of California, or subject to the jurisdiction of said county or state, any solvent credits owned by plaintiff subject to assessment or tax for said tax year 1919, had said debts and deductions allowed by law and claimed by plaintiff been allowed by said assessor and by said board of equalization.

[1] It is conceded by appellant to be the law that where the question at issue is solely a question of correct valuation in the assessment of property subject to taxation, the taxpayer who is dissatisfied with the assessor's valuation of his property must rely upon his right to apply to the board of equalization for a proper reduction thereof; and that the decision of the board of equalization, within the limits of a reasonable discretion, after a due hearing upon such application, is final and conclusive. (*Los Angeles Gas & Electric Corp.* v. *County of Los Angeles,* 162 Cal. 164 [9 A. L. R. 1277, 121 Pac. 384]; *Birch* v. *Orange County,* 59 Cal. App. 133 [210 Pac. 57]; *Southern California Hardwood & Mfg. Co.* v. *County of Los Angeles,* 49 Cal. App. 712 [194 Pac. 62].) But appellant contends that the situation presented by the complaint in this case excludes it from the scope of those decisions, for the reason that on account of the facts alleged, the assessment was illegal and void in that if the said debts and deductions had been allowed, there would have been no solvent credits to assess. He contends that by reason of this fact his right of action should be sustained, and that this contention is supported by the decision of the supreme court in *Columbia Savings Bank* v. *County of Los Angeles,* 137 Cal. 467 [70 Pac. 308].

[2] We are of the opinion that the decision in the Columbia Savings Bank case is not applicable here. In that case, the plaintiff in February purchased certain United States bonds which were exempt from taxation. In the following April, it sold them. The assessor claimed that the bonds had been purchased with intent to evade taxation and that for that reason he had a right to ignore the purchase and assess the money as if such purchase had not been made. The court found that the purchase had not been made with intent to evade taxation, and the right to recover the tax paid under protest was sustained. Referring to

the contention of the county that the decision of the county board of equalization refusing to strike out of the assessment as made by the assessor the amount added by him to cover said investment in United States bonds was final and conclusive against the· plaintiff, the court declared that this contention is unsound. ''The taxpayer may have relief under the provisions of section 3819 of the Political Code, in cases where he claims the assessment, or any part of it, is void, by paying under protest the full amount of the tax as assessed, and within six months thereafter bringing an action to recover back such part of the tax paid as he claims to be void, as is done in this case.''

Appellant herein cannot bring itself under the rule which applies to a void assessment, by the mere statement in its complaint that the assessment is void, unless the facts alleged in support of that conclusion exhibit a void assessment. But in this case, on the contrary, we think that the facts stated in the complaint show nothing other than a claim based upon an alleged excessive valuation of the solvent credits owned by appellant.

The nature of appellant's claim wherein it insists that the valuation should have been reduced to nothing is the same as if it had claimed that it should have been reduced to any other stated amount less than that shown by the valuation of the assessment. Appellant did have large solvent, credits which primarily were subject to assessment, although in the valuation thereof it was entitled (on a proper application therefor) to a reduction measured by the amount of any debts due from it to *bona fide* residents of this state. (Const., art. XIII, sec. 1; Pol. Code, secs. 3628, 3629.)

In *Southern California Hardwood & Mfg. Co.* v. *County of Los Angeles,* 49 Cal. App. 712 [194 Pac. 62], the action was one to recover a tax paid on unsecured credits and solvent debts due from others, notwithstanding that the plaintiff claimed that its debts due to *bona fide* residents of the. state were equal to said items of credits which it was proposed to assess. The assessor found and assessed a balance obtained by valuing the debts due to *bona fide* residents of this state at less than the valuation of the assessable assets of the plaintiff. Plaintiff did not make any objection or any application for a revaluation before the board of equali-

zation, but paid the tax under protest and brought its action to recover. It was found by the court that the changes in the plaintiff's statement were made by the county assessor under a mistaken belief that the plaintiff was not entitled to the deduction claimed by it; that in consequence of this mistake, the plaintiff's assessable properties were overvalued to the full extent of said assessment and that in fact there was no balance of assessable assets upon which a tax should be levied. Nevertheless, judgment was entered in favor of the defendant, and this judgment was affirmed. It was held that ''the result of this mistake amounted merely to an overvaluation of the plaintiff's properties, or—which amounted to the same thing in effect—an undervaluation of the appellant's deductible debts.'' It was further held that an overvaluation of assessable properties on the part of the assessor is not such an error as will entitle the owner of such properties to the remedy provided in section 3804 of the Political Code; ''but, on the contrary, our attention has been called to a consistent line of decisions by the supreme court and district courts of appeal of this state, holding that the remedy of the property owner in the event of an overvaluation of his property by the assessor is by application to the board of supervisors of the county sitting as a board of equalization for a revaluation of his property.''

[3] Respondent further calls attention to the fact that the complaint in this action does not allege that the debts and liabilities by reason of which it claimed a deduction from its assessment were solely owing ''to *bona fide* residents of the state of California.'' The claim made was and is that those debts and liabilities were owing ''to *bona fide* residents of the state of California and firms, associations and corporations doing business in said state.'' Said firms, associations or corporations may have been resident outside of the state of California. In that event, debts or liabilities owing to them could not be used in reduction of the assessment of solvent credits belonging to the plaintiff; unless, perhaps, such right might be established by proving that the debt was incurred in favor of a creditor who, though domiciled elsewhere, had established an independent ''business domicile'' (as it is sometimes called) in California. As to this possible exception, we express no opinion; merely noting that in *Westinghouse Elec. etc. Co.* v. *Los Angeles County,*

188 Cal. 491 [205 Pac. 1076], it was held that a Pennsylvania corporation, doing business in this state, did not subject its solvent credits (resulting from that business) to taxation here, by transacting business through an agency established here, where such agency was not an independent business, nor an independent branch of the principal business of the corporation.

Respondent relies upon some other propositions to sustain the judgment, but we think it unnecessary to give them particular consideration at this time.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.