[Civ. No. 5998.   Third Appellate District.—March 25, 1938.]

CECIL B. DeMILLE et al., Respondents, v. COUNTY OF LOS ANGELES, Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellant.

A. Moresby White for Respondents.

PLUMMER, J.—The plaintiffs began this action for the purpose of recovering tax moneys alleged to have been paid under protest, and also to have declared void an assessment levied by the County of Los Angeles upon the properties of the respective plaintiffs. The defendant interposed a demurrer to the plaintiffs' complaint, setting forth two grounds:

1st. That said complaint did not state sufficient facts to constitute a cause of action as to any of the plaintiffs; and

2d. That there was a misjoinder of parties-plaintiff.

The court overruled the defendant's demurrer, and the defendant failing to answer, default and judgment were entered against the defendant for the recovery of moneys alleged to have been paid under protest, and also declaring void the assessment of the taxed properties. From this judgment the defendant appeals.

That the complaint, or rather, the consolidated complaints, failed to state a cause of action, we think well taken.

The demurrer on the ground of misjoinder of parties-plaintiff appears to us to be without merit.

Under section 378 of the Code of Civil Procedure as amended in 1927 (Stats. 1927, p. 631), it appears that where questions of law or fact would arise, which are common to all the parties mentioned in the complaint, it is permissible for several plaintiffs to join in an action, instead of severally instituting suits to obtain the same relief.

From an examination of the various counts of the complaint presented for our consideration it is apparent that there is a question of law, or rather, questions of law which are common to all of the parties mentioned as plaintiffs. The validity of the assessment is attacked upon the same ground by every one of the named plaintiffs. A decision as to the law involved in this case necessarily determines the rights of every one of the plaintiffs.

The question of fact as to the value of the properties and the amount of the assessment that should be levied thereon are the only different questions presented for consideration. The rate would be the same as applied to the properties of the different plaintiffs, and the law, as we have said, determining their rights, would be exactly the same. Under the section the trial court is given the power to order separate trials, if in its wisdom it should deem the same necessary. Again, it does not appear that the defendant would be, or could be disadvantaged in any particular in the trial of the action by reason of the joinder of the plaintiffs in one suit instead of beginning separate actions to obtain a like declaration as to their legal status concerning the alleged illegality of the assessment, which is the vital issue presented by the complaint.

This action is so nearly a companion case with the action of *Williamson* v. *Payne et al.*, that we may properly refer to the opinion filed in that case on the 25th day of March, 1938 (*ante,* p. 497 [77 Pac. (2d) 900]) and adopt the same as to everything therein said as to the power of the board of equalization to adopt the rule challenged in that case. The same rule is challenged here, and in the greater portion of the complaint, made the basis upon which the plaintiffs sought relief. By so doing we may abridge to a considerable extent the length of this opinion.

■ Section 3674 of the Political Code reads as follows: "No reduction must be made in the value of the property, unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by his oath, showing the facts upon which it is claimed such reduction should be made." This section provides specifically that there must be a showing of the facts upon which it is claimed the reduction should be made. It seems to be settled law that a property owner cannot defeat the collection of a tax, or recover its amount if paid under protest, upon the claim that the assessment was excessive and discriminatory, unless he has applied for its reduction under this section. (*Luce* v. *City of San Diego,* 198 Cal. 405 [245 Pac. 196]; *Southern California Hdw. etc. Co.* v. *County of Los Angeles,* 49 Cal. App. 712 [194 Pac. 62]; *City of Los Angeles* v. *Glassell,* 4 Cal. App. 43 [87 Pac. 241].)

A somewhat similar question to that which we are now considering was presented to the court in the case of *Rittersbacher* v. *Board of Supervisors,* 220 Cal. 535 [32 Pac. (2d) 135]. The court said: "The petitions filed with the board alleged an over-valuation of the described real estate and improvements, and nothing more, and the prayer was for an equalization of the value. 'To equalize is to make equal, to cause to correspond, or be like in amount or degree as compared with something.' (Citing authorities.) What the petitioners before the board were entitled to was that their property be placed 'on the same basis of valuation as that applied to other property of like character and similarly situated'. (Citing a number of cases.) . . . The petitioners failed then to advise the board of the facts upon which it is claimed such reduction should be made as required by section 3674 of the Political Code. While mere informalities in the presentation of a petition for equalization should receive a liberal indulgence, nevertheless the above requirement of said section 3674 serves a necessary purpose and should be complied with in order that the board may know, or have some reasonable means of ascertaining, what the claims of the petitioners are, to the end that such claims may be investigated by the assessing authorities prior to the hearing." It was finally held that the petitioners in that case were not entitled to the relief prayed for.

In the case at bar, as it appears by what we are about to set forth, the petitions for equalization filed with the board made no reference whatever to the claim of the petitioners that their properties were assessed on an unlawfully discriminatory basis. The petitioners failed to advise the board of the facts upon which it was claimed such reduction should be made.

The complaint or complaints in this action do allege that the assessment of the property was arbitrary in its method, was not equalized with other properties of similar kind, or in any other respect, and was greatly in excess of the full cash value thereof, and was and is the result of a wrongful and illegal system of valuation that is contrary to law and fraudulent, and that it was not an error of judgment. No

| (1) | (2) | (3) | (4) | (5) | (6) |
|-----|-----|-----|-----|-----|-----|
| Cecil B. DeMille | 777 | (359–948 | $610* | $ N | *Protested |
|  |  | (359–952 | 770* | N | *Protested |
|  |  | (359–953 | 740* | 220 | *Protested |
|  |  | (359–954 | 670* | 150 | *Protested" |

facts are set forth upon which this language is based, and of course is only the conclusion, in most particulars, of the pleader.

Coming then to what was filed with the board of equalization, we find the following: After alleging the employment of an agent by the name of J. C. Stevenson, the complaints allege that pursuant to said employment the agent, on or about the 6th day of July, 1935, did examine said assessment roll with respect to the taxed properties and other properties of the plaintiff herein, and did file written and verified applications for reduction of such portions of the assessment of the taxed property, and such other property as is shown in schedule ''A'', columns 4, 5 and 6. Turning to schedule ''A'' we find the following as to what is alleged to have been filed with the board of equalization:

''List of plaintiffs showing in column (1) the name of plaintiff and complainant; in column (2) the application number given plaintiff's complaint when it was filed with the clerk of the Los Angeles county board of equalization during the board's statutory session of July, 1935; in column (3) the assessment numbers of the protested assessments against the taxed property as shown on the 1935–36 tax bills;

in column (4) the assessed valuation of real estate items described on said tax bills; in column (5) the assessed valuation of corresponding improvement items; in column (6) a legend to indicate what part of the assessments were protested in the said complaint.

Columns (3), (4), (5) and (6) are extended by the addition of twenty-five more items as to numbers, properties protested, etc., but what we have set forth gives a clear idea of what is alleged to have been filed with the board of equalization.

An examination of exhibit "A" as attached to, and made a part of the complaint shows conclusively no compliance whatever with the provisions of section 3674, *supra*.

█ The complaint further shows that the plaintiffs had notice of the rule of the board of equalization requiring the presence of the owners, and of the opportunity to be heard. Thus, in so far as any of the owners failing to appear, the allegation that they were deprived of any legal or constitutional rights has no support in the pleadings.

█ There is not a word in any of the complaints showing the 'values of the property assessed, or the values that should be affixed thereto, nor is there any offer on the part of any of the plaintiffs to pay the taxes that should be found just and equitable, and the amount of taxes that should fairly and equitably be assessed and levied upon any of the respective properties. This, again, is a fatal defect. There is no claim, and cannot be any claim made that the properties involved are exempt from taxation. Being, therefore, subject to taxation, a plaintiff coming into court asking that a judgment be set aside, a court of equity will first require that an offer be made to pay such tax as may be found to be equitably and justly due.

In the case of *County of Los Angeles* v. *Ballerino*, 99 Cal. 593 [32 Pac. 581, 34 Pac. 329], this question was presented by way of the deficiency of an answer to allege a defense against an action by the county for the collection of a tax, and related to the exclusion of the evidence by reason of the failure of the answer to plead what we have stated and to make offer of the tax that should be found justly due. This offered evidence was excluded by the court, and the court then added: "It is undoubtedly true that a tax-payer may enjoin the collection of a tax founded upon an assess-

ment fraudulently and corruptly made with the intention of discriminating against him, and for the purpose of causing him to pay more than his share of the public taxes (*Merrill* v. *Humphrey*, 24 Mich. 170; *Lefferts* v. *Board of Supervisors*, 21 Wis. 688; *Milwaukee Iron Co.* v. *Hubbard*, 29 Wis. 51); and it is equally true that the fact of such a fraudulent assessment would be available to the tax-payer as an equitable defense in an action brought to enforce the collection of a tax founded upon an assessment of that character. But in appealing to a court of equity by way of injunction against such fraudulent assessment, the plaintiff must show by his complaint that he has paid or tendered the amount of taxes which would have been due from him if his property had been assessed at what he concedes would have been a fair valuation, and he must in addition offer to pay what the court shall find to be equitable and just (*Merrill* v. *Humphrey*, 24 Mich. 170; *State R. R. Tax Cases*, 92 U. S. 575, 616 [23 L. Ed. 663]; *Huntington* v. *Palmer*, 8 Fed. 449 [7 Sawy. 355]; *German National Bank* v. *Kimball*, 103 U. S. 732 [26 L. Ed. 469]; *Montgomery* v. *Sayre*, 65 Ala. 564; 1 High on Injunctions, sec. 491); and we think the same facts should appear in an answer which seeks to defend against the collection of a tax upon the ground of a fraudulent assessment.''

(See, also, the recent case of *County of Los Angeles* v. *Ransohoff et al.*, 24 Cal. App. (2d) 238 [74 Pac. (2d) 828].) Even where a tax is partly legal and partly illegal, an injunction will not be granted except upon condition that the legal part shall first be paid. (*Mackay* v. *San Francisco*, 113 Cal. 392, p. 402 [45 Pac. 696].) It follows as a necessary conclusion that such an offer must appear in the complaint or complaints to state a cause of action justifying the interposition of a court of equity.

█ As to a further objection to the sufficiency of the complaint or complaints, our attention is called to the provisions of section 3819 of the Political Code where it provides that a tax paid under protest shall be in writing, and whether the whole assessment is claimed to be void, or if only a part, what portion, and in either case the ground upon which such claim is founded.

The complaint or complaints do set forth under exception ''E'' a form used in making protest, but the exhibit as set

forth is absolutely blank as to the requirements found in section 3819, *supra*.

That the protests may have been sufficient is wholly immaterial so far as this court is concerned, for the reason that we are confined to an inspection of the transcript alone, and to the pleadings therein contained.

Other objections are alleged and discussed by the respective parties, but what we have said establishes, we think clearly, that the demurrer interposed by the defendant should have been sustained, giving leave to the plaintiffs to amend within a reasonable time, if so advised, as a cause of action does not, in the plaintiffs, appear to be stated.

The judgment is reversed and the cause remanded to the trial court to allow the plaintiffs such time as may be reasonable to amend their complaints, if so desired.

Pullen, P. J., and Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1938.