Filed 6/10/22  Silva v. Cal. Dept. of Transportation CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RAUL M. SILVA et al., | |
| Plaintiffs and Appellants, | E074565 |
| v. | (Super.Ct.No. CIVDS1905188) |
| CALIFORNIA DEPARTMENT OF TRANSPORTATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County. John M. Tomberlin, Judge. Affirmed.

John A. Shepardson for Plaintiffs and Appellants.

Erin E. Holbrook, Chief Counsel, Jerald M. Montoya, Deputy Chief Counsel, and Desiri Schele for Defendant and Respondent.

Plaintiffs and appellants Raul Silva, Fernando Gandara, and David Buzon appeal from a judgment dismissing their employment discrimination lawsuit against defendant and respondent California Department of Transportation (Caltrans). Appellants argue the trial judge erred by sustaining Caltrans's demurrer on the ground their individual discrimination claims are improperly joined under Code of Civil Procedure section 378. According to appellants, permissive joinder is proper because their claims involve similar conduct by Caltrans employees. We disagree. As their own allegations demonstrate, appellants' claims arise out of separate and distinct incidents of harassment and discrimination. We therefore conclude the judge properly sustained the demurrer and affirm.

# I

# FACTS

Appellants were Caltrans employees at the time of the alleged incidents of harassment and discrimination. On April 9, 2019, appellants filed a complaint for damages alleging the following facts. (See *Department of Corporations v. Superior Court* (2007) 153 Cal.App.4th 916, 922, fn. 2 [when reviewing ruling on a demurrer we assume the truth of the complaint's allegations].)

A.     *Silva's Allegations*

Silva was hired as a maintenance worker in 2011. In August 2017, while he was on temporary assignment in the Right-of-Way Division, he applied for a permanent associate agent position within the division. He interviewed for the position with the

2

division's deputy director for District 8, Rebecca Guirado, then on October 17, 2017, Guirado told Silva that despite her having vouched for him, the company decided to hire someone else. Later that day, Silva filed an Equal Employment Opportunity (EEO) complaint alleging he had been passed over for the position based on discriminatory reasons. Shortly after he filed the complaint, Guirado retaliated against him by rescinding his training for the associate agent position (despite having personally approved the training two months earlier). On October 19, 2017, he reported Guirado's retaliatory conduct to HR.

Later on (the complaint doesn't allege when), Guirado denied Silva two additional promotions and an opportunity to interview for an open position, and she had two other Caltrans employees spy on him. The EEO officer assigned to his complaint ignored his allegations of discrimination, and on June 5, 2018 he went on medical leave. Silva alleged he had "been harassed and discriminated against because of his gender."

B.    *Gandara's Allegations*

Gandara alleged that his coworker Susan Esparza badgered him about retiring, continually asking him when he was going to leave Caltrans. On an undisclosed date, Esparza showed Gandara how much money he could make if he retired. At some point, he and Esparza had a disagreement and afterward Guirado retaliated against him by having Esparza "personally escort[]" him up to her office, "treating him like an untrusty second-class worker." Gandara filed a complaint with the Health and Safety Office alleging workplace violence and, on June 11, 2018 received a letter sustaining his

3

complaint. However, after that, an investigator at the Health and Safety Office called to tell him complaining was a "waste of time" because her office "can't [punish] the violators." Gandara then filed an EEO complaint and sent letters to various executive-level Caltrans employees to inform them he had been the victim of age discrimination.

C.      *Buzon's Allegations*

Buzon worked as a supervisor in the Right-of-Way Division. In 2016, he became overwhelmed with work after one of his coworkers retired and Guirado failed to give him sufficient support. In November 2017, Guirado told Buzon she noticed his speech was slurred, his attention was impaired, and his job performance was declining. She told Buzon, "I want to fire you, but don't know how." Instead, she instituted weekly progress meetings with Buzon, and this served only to exacerbate his stress about being overwhelmed.

In October 2018, Buzon was diagnosed with "conversion disorder," the symptoms of which are incoherent speech and difficulty with writing and recall. He went on medical leave, and the following month Guirado pressured him to retire. He told Guirado he had decided to retire in February 2019, but he later changed his mind for financial reasons. He alleged he had been the victim of harassment and discrimination based on disability. He also claimed he'd been the victim of gender discrimination but made no allegations in support of that claim.

4

D.    *Demurrer and Motion for New Trial*

During conferences on September 5 and 9, 2019, Caltrans informed appellants of its view that they were improperly joined, and it subsequently sent them correspondence reiterating this position. On September 11, appellants personally served Caltrans with the complaint.

On September 24, Caltrans demurred to the complaint on multiple grounds, including that Silva, Gandara, and Buzon were improperly joined under Code of Civil Procedure section 378. (Unlabeled statutory citations refer to this code.) The hearing took place on November 13 before San Bernardino County Superior Court Judge John Tomberlin. Though appellants did not include the transcript of the hearing in the appellate record, the minute order reflects the judge concluded appellants were improperly joined and sustained the demurrer without leave to amend.

On November 19, appellants filed a motion for new trial that cited two cases they hadn't cited in their opposition to the demurrer and which, according to them, demonstrated they were not improperly joined. On January 13, 2020, the judge denied the motion, finding the cases inapposite, and on February 11 he entered judgment dismissing the lawsuit.

Appellants filed a timely notice of appeal.

5

## II

## ANALYSIS

Appellants argue the judge erred by concluding their claims are misjoined, and as a result, his orders sustaining the demurrer and denying their motion for new trial must be reversed.

We independently review a ruling sustaining a demurrer without leave to amend, meaning "we exercise our independent judgment about whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory." (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 830 (*Moe*).) "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . [And] we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [cleaned up].) Finally, we will affirm the ruling "'if any one of the several grounds of demurrer is well taken.'" (*Moe*, at p. 831.)

Section 378 allows multiple parties to "join in one action as plaintiffs" if "[t]hey assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of *the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all these persons will arise in the action." (Italics added.) The purpose of permissive joinder is to "simplify the pleadings and conduct of actions" and, in general, to promote efficient and expedient resolution of disputes. (*Kraft v. Smith* (1944) 24 Cal.2d 124, 129.)

Appellants claim they are properly joined under section 378 because they are all suing the same employer, the conduct giving rise to their claims occurred in the same building, and they were each "witnesses to the wrongful conduct perpetrated on each of them." In short, they argue permissive joinder applies because their "causes of action arose from similar conduct" on Caltrans's part. We disagree.

As an initial matter, there are no allegations in the complaint supporting the claim that appellants witnessed each other's harassment or discrimination. But in any event, the joinder standard is narrower than appellants say. Section 378 does not impose a "similar" *conduct* standard; by its terms, it imposes a "same" *occurrence* standard. In other words, this means it's not the perpetrator or location that must be common to each plaintiff, but rather the incident giving rise to the injury. (See, e.g., *Moe*, *supra*, 207 Cal.App.4th at pp. 831, 834 [plaintiffs alleging the same physician had sexually assaulted them on separate occasions were improperly joined regardless of fact the assaults occurred in the same office].)

For example, courts have found a right to relief arising out of the same occurrence or series of occurrences where: two people sued for personal injuries they suffered in the "same accident" (*Emery v. Pacific Employers Ins. Co.* (1937) 8 Cal.2d 663, 666); two people the defendants arrested at "same time and place" sued for false imprisonment (*Peters v. Bigelow* (1934) 137 Cal.App. 135, 140); multiple taxpayers sued to challenge the validity of the same property tax "upon the same [legal] ground" (*De Mille v. County*

*of Los Angeles County* (1938) 25 Cal.App.2d 506, 508); and multiple property owners brought an action for civil conspiracy and fraud against a subdivider who cheated them using a "common plan" (*Adams v. Albany* (1954) 124 Cal.App.2d 639, 641).

Here, in contrast, the alleged harassing and discriminatory incidents do not constitute a single occurrence and nothing in the complaint indicates the incidents were related so as to constitute a single series of occurrences or a common plan. According to the complaint's allegations, appellants' injuries arise from different factual circumstances and involve different protected categories (i.e., gender, age, and disability). Silva claims Guirado subjected him to gender discrimination in the fall of 2017 by, among other things, passing him over for a permanent position. Gandara claims Esparza harassed him on the basis of his age by continually pressuring him to retire. Though the complaint does not allege when this harassment occurred, the conduct is separate and distinct from Silva's experiences with Guirado. And finally, Buzon claims that in the fall of 2018 Guirado subjected him to harassment and discrimination based upon his medically diagnosed disorder. The fact these claims share a common defendant is insufficient to demonstrate the community of interest necessary to allow permissive joinder under section 378. (E.g., *Coleman v. Twin Coast Newspaper, Inc.* (1959) 175 Cal.App.2d 650; *Moe*, *supra*, 207 Cal.App.4th at p. 831.)

We are unpersuaded by appellants' attempt to compare their claims to the negligent supervision claims in *Moe*. In that case, two plaintiffs who had been patients of the same physician brought a single lawsuit in which they asserted claims against the

8

physician for sexual assault and against his employers for negligent supervision. (*Moe*, *supra*, 207 Cal.App.4th at pp. 828-829.) As we noted above, the appellate court concluded the claims against the physician were improperly joined because the assaults were distinct incidents that occurred on separate occasions. The fact the assaults constituted conduct by the same person that was "similar" in nature was insufficient to create a community of interest between the plaintiffs. (*Id.* at p. 830.) The analysis came out differently for the negligent supervision claims, however, because those claims arose from a single "related series of transactions"—the employers' conduct in hiring and supervising the physician. (*Id.* at pp. 833-835.)

But here, appellants' harassment and discrimination claims are more like the assault than the negligent supervision claims. This is because proving appellants' harassment and discrimination cases and the plaintiffs' assault cases requires marshalling different evidence about different incidents, whereas proving each plaintiff's negligent supervision claims depends on the exact same evidence.

We conclude the judge correctly determined appellants were improperly joined under section 378 and, as a result, properly sustained the demurrer without leave to amend and denied the motion for new trial.

9

### III

### DISPOSITION

We affirm the judgment. Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____

J.

We concur:

RAMIREZ _____

P. J.

FIELDS _____

J.

10